## WADSWORTH and another vs. WILLARD.

*Entry of judgment by clerk, without order of court.*

1. Upon the sworn statement or confession of defendant, indorsed upon the complaint, without service of process, and without notice of the application for judgment, the clerk entered judgment for plaintiff. *Held,* that it should have been set aside on defendant's motion.
2. A judgment by confession must be signed by a judge or court commissioner.
3. To authorize an entry of judgment by the clerk, there must be a personal service of the summons, or the defendant must, *by answer,* either expressly or by not denying, have admitted the whole or some part of plaintiff's claim; in which case, also, five days' notice of the application for judgment must have been given.

APPEAL from the Circuit Court for *Dane* County.

Plaintiffs filed in said court, November 12, 1859, their complaint for goods sold, and upon a promissory note to the amount of $454.43 and interest. On the complaint was the following endorsement: "[Title of cause]. I, *William F. Willard*, defendant in the above entitled cause, hereby confess that I am indebted to the said named plaintiffs for goods and merchandise purchased of them, and for which they hold my note of hand, of which the following is a copy [setting out the note described in the complaint, for $454.43, and interest at 10 per cent. per annum]; and I hereby authorize and request the clerk of the above entitled court to enter a confession of judgment against me for the amount of the note, interest and costs, in accordance with the petition and complaint of the plaintiffs in this case. WILLIAM F. WILLARD." [Followed by a *jurat*.] A statement of costs, amounting to $12.49, was annexed. On the same day, on motion of the plaintiffs, a judgment in their favor against the defendant was *signed by the clerk*, in the usual form, for $477.27. The record does not show any affidavit for plaintiffs, showing the amount due. In April, 1867, plaintiffs obtained an order from said court, allowing execution to issue upon the judgment. In May following, on defendant's motion, plaintiffs were ordered to show cause why the judgment and execution should not be set aside "for irregularity and want of jurisdiction, because no action was commenced by summons or otherwise, and no notice of entry of judgment or taxation of costs was given," and for other reasons. At the hearing, it appeared that no summons or other process had been served on defendant, nor notice of the entry of judgment or other proceeding in the cause; and that there was no order of court for the entry of judgment.—The court refused to set aside the judgment and execution; and the defendant appealed from the order.

*E. & C. T. Wakeley,* for appellant, cited secs. 14 and 15, chap. 140, R. S.; *Remington v. Cummings,* 5 Wis., 138; *Fairchild v. Dean,* 13 Wis., 329; *Same Case,* 15 id., 206; chap. 428, Laws of 1864.

*Gregory & Pinney,* for respondents, relied upon subd. 4, sec. 27, chap. 132, R. S., and contended that the five days' notice of application for judgment, therein required, was waived by the defendant's written request to the clerk to enter judgment; and that, in any event, the objections being purely technical, the judgment should not be disturbed. *Wells v. Morton,* 10 Wis., 471; *Cooley v. Gregory,* 16 id., 303.

DIXON, C. J.　There was no judgment in the court below, and the proceedings purporting to be such ought to have been set aside on the defendant's motion.　To constitute a judgment by confession, or upon warrant of attorney, it must be signed by a judge or court commissioner.　R. S., chap. 140, sec. 15.　Without such signature, it is merely a void proceeding.　*Remington v. Cummings,* 5 Wis., 138.　To authorize the entry of judgment by the clerk, an action must have been commenced by personal service of the summons and complaint, or of the summons; or the defendant must by *answer,* either expressly or by not denying, have admitted the whole or some part of the plaintiffs' claim to be just; in which case, also, at least five days' previous notice of the intended application for judgment must have been given to the defendant.　R. S., chap. 132, sec. 27, subd. 1 and 4.　In no other case can the clerk enter a judgment without express direction from the court, a judge, or a court commissioner.　The entry here was by the clerk alone, without personal service of a summons, without an answer, and without the five days' previous notice to the defendant.　It was entered upon the sworn statement or confession of the

defendant, endorsed upon the back of the complaint. To uphold the entry of judgment by the clerk without the service of process, if such entry be authorized, as I am inclined to think it is, the provisions of the statute must be strictly complied with, especially as to the notice, which, if not given, is clearly a jurisdictional defect, that may be taken advantage of at any time by motion to set the proceedings aside. *Ætna Insurance Co. v. McCormick*, 20 Wis., 265; *Weatherbee v. Weatherbee*, id., 499.

*By the Court.*—Order reversed.