Stahl vs. Gotzenberger and another.

RYAN, C. J., took no part.

## STAHL vs. GOTZENBERGER and another.

TRIAL AND JUDGMENT IN EQUITABLE ACTIONS. *(1) Court must always find the facts and order the judgment. (2) Proper use of jury in such case. (3) Judgment to be entered by clerk, on verdict, only in legal actions. (4) Issues of fact in foreclosure suit; ch. 79 of 1867 invalid. (5) Case stated. (6) Proof of filing* lis pendens, *when made.*

1. In all equitable actions (even where questions of fact are submitted to a jury by the judge of his own motion or by request of a party), the *court* must find that all the facts necessary to sustain the judgment have been established by the evidence, and order the judgment.
2. Issues of fact submitted to a jury in an equitable action should be *particular* issues, fixed and agreed upon before the jury is called. And if the court is not satisfied with the findings of the jury, it may submit the same issues to another jury, or may itself determine them.
3. Except in cases mentioned in subd. 1, sec. 27, ch. 132, R. S. 1858, judgment can be entered only upon the order of the court. Sec. 32 of the same chapter. The provision of sec. 16, that, "if a different direction be not given by the court, the clerk must enter judgment in conformity with the verdict," refers only to verdicts in *legal* actions.
4. Ch. 79 of 1867, which prohibited courts from trying issues of fact in a mortgage foreclosure action without a jury (except by consent), and gave the verdict the same force as in actions at law, was invalid. *Callanan v. Judd,* 23 Wis., 343.
5. In this action to foreclose a mortgage, an issue of fact was raised upon a counterclaim in the answer, the cause was submitted to a jury without objection, and the verdict was, "that judgment be rendered for the plaintiff" for a certain sum. The record shows affirmatively that the court never passed upon the issues, and never made an order for judgment; but a judgment was entered by the clerk pursuant to the verdict. *Held,* that it must be reversed for the irregularity.

6. It appearing from the evidence that plaintiff is entitled to the judgment prayed for in the complaint, if no evidence of the filing of notice of *lis pendens* has been submitted to the court, that defect can be supplied before entry of the proper judgment.

APPEAL from the Circuit Court for *Ashland* County.

Action to foreclose a mortgage. The answer set up a counterclaim or set-off. Plaintiff replied that he had paid the demand alleged in such counterclaim or set-off, before action brought. On these issues, without any order of the court, a jury was called and sworn, and the case proceeded as though it were a strictly legal action. After hearing the evidence, the jury rendered the following verdict: "The jury in the case of *George A. Stahl v. Peter and William Gotzenberger*, having considered the case, return the verdict that judgment be rendered the plaintiff in the sum of $553.43, with interest at ten per cent. per annum from February 6, 1874, up to date." This verdict was rendered January 8, 1878. On the 15th of the same month, the clerk entered a formal judgment for the foreclosure of the mortgage.

The record contains no findings of fact or conclusions of law signed by the judge, nor any other direction to the clerk to enter judgment in the action. The circuit judge certifies, "that on the 15th of January, 1878, judgment was entered by the clerk on said verdict, as demanded in the complaint herein."

Defendants appealed from the judgment.

*J. J. Miles*, for the appellants.

*J. H. Knight*, for the respondent.

TAYLOR, J. The proceedings in this action are novel, and violate all the general rules which govern equitable actions, even under the code.

When the action is called for trial, a jury is drawn, without question by either party or by the learned judge; the jurors are sworn to try the issues generally in the action; and, after hearing the evidence, they render a verdict directing a judgment in favor of the plaintiff for the amount claimed in his

complaint.  To this no objection is made, either by the parties or the court.  It might well be said that the jury in this case were encroaching somewhat upon the prerogative of the court, in directing what judgment should be entered, instead of finding the facts in the case.  All parties, however, seem to have acquiesced in this assumption of the jury; and the clerk, undoubtedly supposing that, the jury having directed judgment to be entered in the case for the plaintiff, no other or further direction was required, thereupon enters a formal judgment of foreclosure for the plaintiff.

It is possible that the irregularities on the trial of this case would not have been sufficient to compel a reversal of the judgment, if the learned judge of the circuit court, after the trial and verdict, had himself found the fact that there was due to the plaintiff the amount specified in the verdict over and above any claim or set-off made by the defendant, and the other facts necessary to entitle the plaintiff to a judgment of foreclosure, and had directed such judgment to be entered. In all equitable actions the case must be tried by the court, and, before judgment can be entered, the court must find that all the facts necessary to entitle the plaintiff to a judgment have been established by the evidence.  If either party desires that any issues of fact which have been made by the pleadings should be tried by a jury, and the judge deems such issues proper ones to be submitted to a jury in order to aid him in the determination of the same, he may direct them to be so tried; or the judge may upon his own motion direct certain issues to be so tried.  In every such case, the particular issues which are to be so tried should be fixed and agreed upon before the jury is called.  The jury then try only the issues so submitted, and not the whole case.  When the jury have given their verdict, the case is then to be taken up by the court; and if the court is satisfied with the determination of the jury upon the issues submitted to them, he adopts their findings as to such issues.  If he is not satisfied with the findings of the jury, he may, either upon the application of a party or of his own motion, set aside such verdict and submit

such issues to another jury; or, if he is satisfied that no aid will be obtained by such further submission, he may proceed to decide the issues without any further intervention of a jury. After a verdict has been rendered upon the issues submitted to the jury, the court hears the testimony on the other issues not submitted to the jury, if there be any, and then, upon all the testimony in the case, including that given upon the trial of the issues by the jury, disposes of the whole case, and, by written findings of fact and conclusions of law, decides all the issues, and directs the clerk to enter the appropriate judgment.

In this case, it appears affirmatively that the court has never passed upon the issues in the action; and it further appears affirmatively that the court did not order judgment, but that the judgment was entered by the clerk without the direction of the court, and without any order for judgment except that contained in the verdict of the jury. This was clearly erroneous. Sec. 32, ch. 132, R. S. 1858, provides that judgment upon an issue of fact or law can only be entered upon the order of the court, except in the cases mentioned in subd. 1, sec. 27 of the same chapter. In *Wadsworth v. Willard*, 22 Wis., 238, the late learned Chief Justice Dixon says: "To authorize the entry of judgment by the clerk, an action must have been commenced by personal service of the summons and complaint, or of the summons, or the defendant must, by *answer*, either expressly or by not denying, have admitted the whole or some part of the plaintiff's claim to be just; in which case, also, at least five days' previous notice of the intended application for judgment must have been given to the defendant. In no other case can the clerk enter a judgment without express direction from the court, a judge, or a court commissioner." It is true, sec. 16 of the same chapter provides that, "if a different direction be not given by the court, the clerk must enter judgment in conformity to the verdict." It is very clear, however, that the verdict referred to in this section is a verdict in what was formerly called a legal action, as distinguished from an equitable action, in which the verdict disposes of the

Stahl vs. Gotzenberger and another.

whole case and judgment follows as a matter of course. In such cases, unless a different order or direction be made by the court, it is implied that the court directs judgment in conformity with the verdict without any formal order appearing upon the record. But in equitable actions, where the issues must be determined by the court, the clerk has no authority to enter judgment until the court has in some way declared what the nature of the judgment shall be, and then the clerk, as the mere hand of the court, enters upon the records the judgment so declared.

As the record shows affirmatively that the court never made any order or finding directing judgment to be entered in this action, its entry by the clerk upon the verdict rendered by the jury was clearly irregular; and for that reason the judgment must be reversed.

If the case was in fact tried under the provisions of chapter 79, Laws of 1867, then not only the judgment was irregularly entered, but the trial itself was irregular, for the reason that this court has held that act unconstitutional and void. *Callanan v. Judd*, 23 Wis., 343.

We do not think that the testimony of Boutin was irrelevant; there was therefore no error in receiving the same.

If it be true that no evidence of the filing of the notice of the object of the action was submitted to the court before the judgment was entered, that defect can be supplied before entry of the judgment directed by this court.

Upon the evidence contained in the bill of exceptions, the plaintiff is entitled to judgment for the whole amount claimed by his complaint, and for the foreclosure of his mortgage according to the prayer thereof.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause is remanded for further proceedings in accordance with this opinion.

Ryan, C. J., took no part.