SACKETT, Appellant, vs. PRICE COUNTY, Respondent.

*January 29—February 19, 1907.*

*Judgments: Entry by clerk on unsigned findings: Vacation of judgment after term: Motion costs: Supreme court: Service of briefs: Penalty for delayed service.*

1. The clerk entered a judgment under the mistaken impression that findings filed with him were signed by the trial judge and did not discover that they were not until after the record had been made up. There was nothing in the record to show that the court had ever passed upon the issues involved in the action or had directed the clerk to enter judgment. It further appeared that the trial court had entered an order vacating such judgment and had therein recited that the judgment was made and rendered by mistake and inadvertence and that no judgment had been ordered. *Held,* that the judgment so entered by the clerk was without authority and a nullity.

2. In such case the court had jurisdiction to vacate the judgment and expunge it from the record after the term at which it was entered.

3. In such case it further appeared that the judgment creditor had filed a transcript of the judgment docket with the county clerk after a motion had been made to vacate such judgment and stay proceedings on the part of the judgment creditor, although such motion had not then been heard or decided. *Held* that, the judgment being void, the motion and stay were proper, and no error was committed in allowing the judgment debtor costs on its motion.

·4. Findings of fact and conclusions of law should be signed by the trial judge.

.5. Whether a judgment should be set aside solely because the findings were not signed, in a case where it appeared without dispute that they had been made and filed by the judge and through inadvertence had not been signed, not decided.]

6. Where a party fails to serve his brief within the time prescribed he is properly chargeable with the penalty denounced by Supreme Court Rule 46.

APPEAL from orders of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The plaintiff filed his claim with the county board for certain fees as justice of the peace, and appealed to the circuit court for *Price* county from an order disallowing it in part. In the circuit court defendant filed a formal answer to the claim and also set up a counterclaim. The action was tried without a jury during the January term, 1905, and taken under advisement. Afterwards and on July 5, 1905, a certain paper purporting to be findings of fact and conclusions of law, but without any signature of the judge, was filed with the clerk of the court, reciting in effect as facts that the allegations of the complaint were true and that the allegations of the counterclaim were not proven; and as conclusions of law that the plaintiff was entitled to recover of the defendant the amount claimed in the complaint, and ordered that judgment be entered accordingly. Afterwards and upon the 11th day of July, 1905, without any order or direction from the judge, the clerk entered judgment for $80.58 in favor of the plaintiff, with costs. On the 27th day of July, 1905, the circuit judge made an order, based upon the records and cer-

tain affidavits, requiring the plaintiff to show cause before the circuit court for Taylor county at Medford on September 5, 1905, why the judgment should not be vacated and set aside. On the 24th day of October, 1905, the plaintiff filed a transcript of the judgment, with the necessary affidavits attached thereto, in the office of the county clerk, as provided by sec. 661, Stats. 1898. The order to show cause why the judgment should not be vacated and set aside was heard on affidavits of the respective attorneys, G. E. Schwindt for plaintiff, and Arthur R. Barry for defendant, and also on that of Alex. Rasmussen, clerk of the circuit court for *Price* county, from which affidavits it appeared that there were filed with the clerk of the circuit court alleged findings of fact and conclusions of law, but that said findings were not signed by the Honorable JOHN K. PARISH, circuit judge, who tried the action, which fact was discovered on the 15th day of July, 1905, and that no findings of fact and conclusions of law signed by said judge who tried the action had been filed; that on the 27th day of June, 1905, the Honorable JOHN K. PARISH, circuit judge, entered in his minutes that the counterclaim of the defendant be dismissed and the plaintiff recover judgment as prayed for in the complaint; that on the 5th day of July, 1905, plaintiff's attorney filed what purported to be findings of fact and conclusions of law, which had not been signed by the circuit judge or by any judge, which fact had not been discovered by the clerk of the court until the 15th day of July, 1905; that through inadvertence and error the clerk of the court who entered the judgment failed to note that the alleged findings and conclusions had not been signed by any judge. Other facts appear in the affidavits not necessary to state. Upon the hearing on the order to show cause why the judgment should not be vacated, the court on the 2d day of November, 1905, vacated and set aside the judgment, and in such order recited that the judgment in said action was made and rendered by mistake and inadvertence. The

court also on the 1st day of November, 1905, on motion of defendant, made an order requiring the plaintiff, within one day after service of a copy of the order, to withdraw the transcript of the judgment docket and affidavits thereto annexed from the office of the county clerk, with $5 costs of motion, and staying all proceedings until the further order of the court. The court also on the 4th day of November, 1905, on its own motion, set aside and vacated the alleged findings and conclusions of law hereinbefore referred to. The appeal is from the three orders above referred to.

*G. E. Schwindt,* for the appellant.

*W. K. Parkinson,* district attorney, for the respondent.

KERWIN, J. 1. From the record before us we are convinced that the clerk of the court was without authority to enter judgment in the action. The alleged judgment appearing upon the record was, therefore, not the judgment of the court. There is nothing to show that the court ever passed upon the issues involved in the action or directed the clerk to enter judgment. It appears that the clerk entered the alleged judgment under the mistaken apprehension that the findings had been signed by the judge, and did not discover that they were not until after the record had been made up. It also appears from the order of the court vacating the judgment, in which it is recited that the judgment was made and rendered by mistake and inadvertence, that no judgment was ordered. So we cannot say from the record that the court ever passed upon the issues in the action or that the court ordered judgment. The clerk, therefore, had no authority to enter judgment. Sec. 2894, Stats. 1898; *Stahl v. Gotzenberger,* 45 Wis. 121; *Wadsworth v. Willard,* 22 Wis. 238. Sec. 2863, Stats. 1898, provides that "upon a trial of a question of fact by the court its decision shall be given in writing and filed with the clerk. . . ."

It is urged upon the part of appellant that the unsigned

findings filed with the clerk were a compliance with the statute. Whether a judgment would be set aside solely because the findings were not signed, in a case where it appeared without dispute that they had been made and filed by the judge and through inadvertence had not been signed, it is unnecessary to decide in this case. We think, however, that the statute clearly contemplates that the findings shall be signed. The practice of having findings signed by the judge seems to have been followed and recognized by the bench and bar as a necessary compliance with the statute. *Duncan v. Duncan,* 111 Wis. 75, 86 N. W. 562; *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909; *Fish Co. v. Young,* 127 Wis. 149, 106 N. W. 795. It is easy to see that confusion and uncertainty might result from failure of the judge to sign his findings, since in many cases it might be difficult to determine whether the findings, unsigned and appearing in the record, were the findings of the court or those prepared by counsel, or whether findings had been, in fact, passed upon by the judge. In the case before us the court obviously determined that the clerk was not authorized to enter judgment, and we cannot say from the record that he was not right in so finding. The clerk having no authority to enter the alleged judgment it was a nullity, and could be vacated and expunged from the record after as well as during the term at which it was entered. *Ætna L. Ins. Co. v. McCormick,* 20 Wis. 265; 23 Cyc. 905, 923, 924. It is well established that a judgment entered by the clerk without authority may be vacated after the term at which it was entered. 1 Black, Judgments, § 328 and cases cited; 23 Cyc. 948.

2. The order vacating and setting aside the judgment being properly entered, it necessarily followed that the defendant was entitled to have the alleged findings stricken from the record as well as the alleged transcript and affidavits filed in the office of the county clerk withdrawn. It is insisted, however, that costs should not have been imposed on

the motion to compel appellant to withdraw the transcript of the judgment docket filed with the county clerk and staying proceedings on the part of appellant. This transcript of judgment was filed after the motion to vacate the judgment had been made. The obvious purpose of such filing by appellant was to proceed with the collection of the alleged judgment. The judgment being void, the motion and stay were proper, and no error was committed in allowing respondent costs of motion.

Upon the argument our attention was called to the fact that respondent had failed to serve his brief within the time prescribed by rule of this court, and we were asked to enforce the penalty. No reason appears why the penalty should not be imposed.

The orders appealed from will be affirmed, with costs against the appellant, less $25 penalty charged against respondent as provided in Rule 46.

*By the Court.*—It is so ordered.