STATE EX REL. JOYCE, Petitioner, vs. FARR, County Judge, and another, Respondents.

*November 8—December 3, 1940.*

Ela, Christianson & Ela of Madison, and Arthur H. Bartelt of Austin, Texas, for the petitioner.

John B. Fleming and W. H. Frawley, both of Eau Claire, and Holmes & Shuttleworth of Madison, for the respondents.

MARTIN, J. We will not now discuss or decide the question of the jurisdiction of the county court of Eau Claire county to probate the estate of the deceased Mary Cousins Joyce. That issue is raised on the petitioner's plea in abatement which was filed in the county court of Eau Claire county on January 29, 1939, and which has not yet been decided by that court.

The law is well settled in this state that a writ of prohibition will not be issued where there is an adequate remedy by appeal or otherwise. State ex rel. Meggett v. O'Neill, 104 Wis. 227, 80 N. W. 447; State ex rel. Tewalt v. Pollard, 112 Wis. 232, 87 N. W. 1107; State ex rel. Milwaukee E. R. & L. Co. v. Circuit Court, 134 Wis. 301, 114 N. W. 455; Petition of Pierce-Arrow Motor Car Co. 143 Wis. 282, 127 N. W. 998.

The prayer for a declaratory judgment cannot be considered at this time as all the parties in interest have not been made parties to the action. See sec. 269.56 (11), Stats. The executors and trustees are interested parties. The only parties now before the court are the petitioner and the Hon. MERRILL R. FARR, as county judge in probate of Eau Claire county. The State Historical Society apparently has appeared because of its interest in the residue of the trust fund.

However, the petitioner has certain rights which should be determined without further delay. He is entitled to a decision by the county court of Eau Claire county on his plea in abatement to the jurisdiction of that court. If the de-

cision is adverse, he has a right of appeal to this court from the order overruling the plea. The wisdom of the saying that justice delayed is justice denied is applicable here. This court is not without power in the premises. The superintending or supervisory control by this court over inferior courts was considered and fully discussed in the recent case of *Petition of Heil,* 230 Wis. 428, 284 N. W. 42. In *State ex rel. Fourth Nat. Bank of Philadelphia v. Johnson,* 103 Wis. 591, 623, 79 N. W. 1081, the court said:

"Where it clearly appears that discretion has been not merely abused, *but not exercised at all,* or that the action taken by the inferior court is without semblance of legal cause, and no other adequate remedy exists, *mandamus* will lie to compel the specific action which should have been taken."

The necessary facts appearing, the writ may be issued by this court upon its own motion. In the instant case, upon the showing made, we hold that the petitioner is entitled to an alternative writ of *mandamus* commanding the Hon. MERRILL R. FARR, as county judge in probate of Eau Claire county, Wisconsin, to decide the question of jurisdiction raised by the petitioner's plea in abatement now on file in said court within ten days from the date of service of a copy of said writ upon him, or show cause before this court on the 16th day of December, 1940, why he has not complied with the writ, and until the hearing and final disposition of the question or questions raised by the plea in abatement, all further proceedings in connection with the administration of the estate of Mary Cousins Joyce in the county court of Eau Claire county, Wisconsin, shall be stayed.

*By the Court.*—Motion for writ of prohibition and for declaratory judgment denied. An alternative writ of *mandamus* may issue.