STATE EX REL. PARDEEVILLE ELECTRIC LIGHT COMPANY, Petitioner, vs. SACHTJEN, Circuit Judge, Respondent.

*January 21—March 14, 1944.*

28

For the petitioner there were briefs by *Bogue, Sanderson & Kammholz* of Portage, attorneys, and *Walter H. Bender* of Milwaukee of counsel, and oral argument by *David Bogue.*

For the respondent there was a brief by the *Attorney General* and *H. T. Ferguson,* assistant attorney general, attorneys for the Public Service Commission, and by *Roberts, Roe & Boardman* of Madison, attorneys for the village of Pardeeville, and oral argument by *Mr. Ferguson* and *Mr. Glenn D. Roberts.*

MARTIN, J.   The only issue is whether the trial judge now sitting in Branch No. 2 of the circuit court for Dane county can refuse to hear further testimony, and proceed to make findings of fact and conclusions of law, and enter judgment based upon evidence, a portion of which was taken before the public service commission or its examiner and a portion taken

before the Hon. AUGUST C. HOPPMANN, then acting circuit judge, now deceased.

Petitioner contends: (1) That it is the duty of the present sitting judge to at this time hear any testimony which the petitioner desires to offer in the action now pending in the circuit court as to any irregularities in the proceedings before the commission; and (2) that the present sitting judge cannot make findings of fact and conclusions of law based in part on the weight of testimony taken in the circuit court before Judge HOPPMANN, but must determine the issues upon consideration of the new testimony, and the testimony taken before Judge HOPPMANN must be entirely disregarded as probative evidence.

Petitioner further contends that certain evidence which it offered on the trial before Judge HOPPMANN was improperly excluded, and that if the same testimony were offered again, before the present presiding judge, the court might admit same. It is not the function of a writ of prohibition to determine the admissibility of evidence on the trial of an action in the circuit court. At present we are only concerned with the question of the power and jurisdiction of the sitting judge. The merits of the litigation are not before us. The court may have erred in the respects claimed by petitioner; that we do not decide. If the court errs, petitioner has its remedy by appeal from the judgment. It is the settled law in this state that a writ of prohibition will not be issued where there is an adequate remedy by appeal or otherwise. *State ex rel. Joyce v. Farr,* 236 Wis. 323, 327, 295 N. W. 21, and cases there cited.

The question of the right of Judge SACHTJEN to continue the proceedings in this matter as successor to Judge HOPPMANN, deceased, seems to be settled by *Harrigan v. Gilchrist* (1904), 121 Wis. 127, 99 N. W. 909. There the receivership proceedings were begun in 1893. Judge BAILEY's term of office expired on Monday, the 1st of January, 1898. On Saturday, December 30, 1897, he made an order which was sub-

sequently set aside by his successor, Judge VINJE. The court said, page 428:

"The judge of the court at the time the order of December 30th was vacated, had the same authority to take such action as his predecessor would have had, if the latter's term of office had continued to the time thereof. . . . True, though a judge who comes into power, as here, possesses authority, in a sense, to review decisions of his predecessor, as under the circumstances of this case, such authority should be exercised with great care."

Further, page 430, the court said:

"So while we fully recognize the rule contended for by appellant's counsel, it is not one creating an absolute disability of a judge to set aside an order made by his predecessor, where the latter, if in office, might do it."

In *Lanphere v. State,* 114 Wis. 193, 89 N. W. 128, the plaintiff in error was convicted of the crime of rape on a female under the age of consent. After the verdict of guilty was returned and before sentence and judgment was pronounced the judge before whom the case was tried died. Subsequently, and against objection by counsel for the accused, judgment was entered upon the conviction by the court, Hon. JAMES O'NEILL, judge of the circuit court for Clark county, presiding. At page 205, the court said:

"The judgment is questioned because it was pronounced by the court, a different judge presiding than the one who presided on the trial. That point is ruled against plaintiff in error by *Pegalow v. State,* 20 Wis. \*61."

In the latter case the plaintiff in error was convicted of murder in the first degree. After verdict and before sentence and judgment the circuit judge before whom the case was tried had gone out of office. The sentence and judgment was

pronounced by the successor judge. At page *62 the court said:

"It is proper to add that the plaintiff in error was convicted of murder in the first degree, and the statute fixes the penalty for that crime, leaving nothing to the discretion of the court. Where a discretion was given, there might be some reason for saying that the judge who pronounced the sentence should be acquainted with the circumstances of the case as disclosed at the trial, in order to award the proper degree of punishment. But no such reason can apply here."

However, in *Harrigan v. Gilchrist, supra,* and *Lanphere v. State, supra,* the acting judges had an exercise of discretion. There is also applicable sec. 256.08, Stats., which provides:

"*Vacancy in judgeship not to affect suits.* No process, proceeding or action, civil or criminal, before any court of record shall be discontinued by the occurrence of any vacancy in the office of any judge or of all the judges of such court, nor by the election of any new judge or judges of any such court, but the persons so elected shall have power to continue, hear and determine such process, proceedings or action as their predecessors might have done if no new election had been held."

It is apparent that this section relates to vacancies in judgeships. Where one judge succeeds another by an election there is no vacancy in the office; but where a judge resigns or dies a vacancy is created, as in the instant case Judge HOPPMANN's death created a vacancy; and when the new judge is appointed and qualifies, he is clothed with all the power and jurisdiction possessed by his predecessor. There can be no question as to the jurisdiction of Judge SACHTJEN as the presiding judge of Branch No. 2 of the circuit court for Dane county. This being so, this court will not, by a writ of prohibition, control the action of the trial court in the action there pending. The court may err in the exercise of its jurisdiction. If it does,

the alleged errors can be reviewed on an appeal from the judgment.

*By the Court.*—Writ denied.