CRAM, Respondent, vs. BACH, Appellant.*

*June 5—June 26, 1957.*

* Motion for rehearing denied, with $25 costs, on September 10, 1957.

380

For the appellant there were briefs by *Johns, Roraff, Pappas & Flaherty* of La Crosse, and oral argument by *Robert D. Johns.*

For the respondent there was a brief by *Hale, Skemp, Hanson & Schnurrer* of La Crosse, and oral argument by *Quincy H. Hale* and *T. H. Skemp.*

STEINLE, J.   The defendant, Amil C. Bach, contends that the trial court erred with respect to certain of its instructions to the jury; that the jury's finding of duress is not sustained by the evidence; and that the jury's finding that the plaintiff, Harold C. Cram, did not ratify the contract, is not sustained by the evidence.   Upon the oral argument, counsel for the defendant contended that Judge VARNUM exceeded his jurisdiction in reinstating the jury's verdict and granting interlocutory judgment thereon.   For the reason that we are obliged to determine that Judge VARNUM was without power to adopt the jury's verdict and to grant judgment thereon, and that hence there must be a new trial, we shall not discuss the other questions raised, nor make determination of them.

This is an action in equity.   In his prayer for relief the plaintiff, Harold R. Cram, demands (1) that the written contract of partnership entered between himself and the de-

fendant Amil C. Bach on January 27, 1951, for the operation of retail meat and grocery markets in the city of La Crosse, be declared null and void; (2) that the court determine the sum of money that will compensate the defendant for his fair share of the profits of the business since January 27, 1951, and that any excess payment heretofore paid or credited to him by the business be returned and repaid to the business; (3) that the partnership be adjudged dissolved; (4) that a receiver of the property, rights, assets, and good will of the business be appointed with the usual power to dispose of the same, collect the debts to the partnership for the benefit of all parties entitled thereto, to pay all just debts and expenses, and the costs of this action; (5) that the surplus be divided between the parties hereto according to their respective rights; (6) for further and other relief as shall be just.

The trial of the action was commenced before Judge WHITE who submitted the issues relating to duress and ratification to a jury. While a jury is ordinarily no part of the chancery system,.the court having the power and duty to determine finally all questions of fact and law, in the absence of contrary provisions a court of equity may frame issues of fact and submit them to a jury. 30 C. J. S., Equity, p. 892, sec. 495.

The verdict of a jury in an equity case is merely advisory. *Magoon v. Reber* (1890), 76 Wis. 392, 394, 45 N. W. 112. See also 30 C. J. S., Equity, p. 904, sec. 510.

Where issues of fact have been submitted to a jury in an equity case, the court should pass upon their findings, and either adopt them or submit the same issues to another jury, or itself determine them. It should then try any remaining issues and file its findings upon the whole case, and direct entry of the appropriate judgment. *Stahl v. Gotzenberger* (1878), 45 Wis. 121.

In Anno. 156 A. L. R. 1150, the author points out that:

"When a court, in an equity proceeding, submits to a jury an issue as to which neither party has a constitutional or

statutory right to a jury trial, the resulting verdict of the jury is advisory only. The court which has submitted the issue remains responsible for the ultimate decision of fact as well as of law. If not satisfied that the jury's conclusion is sound, the court may set aside the verdict and order a new trial, or disregard it entirely and decide the facts on the evidence as though no submission had been made; or if satisfied that the verdict is not due to error, is fair and properly supported by evidence, the court may accord to it such weight as it appears to merit, approving and adopting it in whole or in part. As the submission of an issue is itself discretionary, the use to be made of the jury's conclusion upon it is likewise discretionary."

Judge WHITE made no findings with respect to the issues of duress and ratification. Were it to be held that he approved the jury's findings with respect to such issues when he denied the motions to either change the answers in the jury's verdict or to grant a new trial because of erroneous instructions and erroneous rulings on evidence, nevertheless the conclusion is inescapable that he at the same time rejected the jury's findings when he set aside the verdict in order to obtain another advisory verdict from a jury that would have included a consideration of the newly discovered evidence. Because of Judge WHITE's action in setting aside the verdict, it is considered that he did not adopt the findings of the jury for use in the ultimate determination of the cause.

Judge VARNUM in his order setting aside Judge WHITE's order which had directed a new trial, and wherein he reinstated the jury verdict and granted interlocutory judgment in favor of the plaintiff, indicated that his action was based on his personal reading of a transcript of the testimony taken at the trial before Judge WHITE and the jury, and upon his consideration of the affidavits presented in connection with the motion to set aside Judge WHITE's order.

The fact that a trial was begun before a judge whose term expired prior to its conclusion will not preclude his successor from trying it, but he must try it *de novo*. 23 Cyc. Law and

Procedure, Judges, p. 565, sec. 5; 48 C. J. S., Judges, p. 1019, sec. 56a; 30 Am. Jur., Judges, p. 751, sec. 38. A judge who did not hear the evidence cannot render a valid judgment in a cause notwithstanding the testimony may have been written down and preserved. He cannot make any finding of fact in a cause tried before his predecessor. 23 Cyc. Law and Procedure, Judges, p. 565, sec. 5. See also Anno. 54 A. L. R. 959e, and *Company A, First Regiment v. State* (1927), 55 N. D. 897, 215 N. W. 476. A successor judge may complete any acts uncompleted by his predecessor where they do not require the successor to compare and weigh testimony. 48 C. J. S., Judges, pp. 1018, 1019, sec. 56a. Of course, if the facts are stipulated or uncontroverted, the successor judge is entitled to base findings thereon.

Since Judge VARNUM did not see or hear the witnesses who testified before the jury, he was not in a position to properly compare and weigh the testimony so as to entitle him either to give approval to the jury's findings or to make findings of his own upon the evidence which he read in the transcript.

Judge WHITE neither made findings of his own nor did he adopt those of the jury. Judge VARNUM was without power to make findings based upon the evidence in the record or to approve of findings of the jury based on testimony of witnesses whom he did not see or hear. Judge VARNUM's action in directing that Judge WHITE's order be set aside and that an interlocutory judgment be entered upon the jury's verdict constituted an erroneous exercise of jurisdiction.

We are obliged to determine that the verdict of the jury and the interlocutory judgment granted thereon must be vacated and set aside. The defendant is entitled to a new trial upon all issues raised by the pleadings.

If upon a new trial it were to be found as a matter of fact or law, upon evidence there presented, that the contract was not signed by the plaintiff as a result of duress, or, if it was, that the plaintiff had ratified it, the court might well

consider and determine under the authority of the omnibus item in the prayer for relief, whether the plaintiff's services as manager could be terminated by the action of the defendant during the term of the partnership agreement without good cause shown.

*By the Court.*—Judgment reversed, and cause remanded for a new trial upon all issues.

The following opinion was filed September 10, 1957:

PER CURIAM (*on motion for rehearing*). In the brief of the respondent, Harold R. Cram, presented in support of his motion for rehearing, he contends that under sec. 256.08, Stats., and under the rule of *State ex rel. Pardeeville Electric Light Co. v. Sachtjen* (1944), 245 Wis. 26, 13 N. W. (2d) 538, the successor judge was entitled to make findings based upon evidence of record heard before the predecessor judge. He directs attention to the following statements of principles:

"In the absence of a statute to the contrary, as a general rule a successor judge may not render judgment in a case begun before his predecessor without a trial *de novo.*" 48 C. J. S., Judges, p. 1019, sec. 56.

"In the absence of a governing statute, the authorities are in conflict as to the power of a judge other than the one who tries a case to enter a judgment or render a decision therein." 30 Am. Jur., Judges, p. 751, sec. 38.

"In the absence of a governing statute, the authorities are in conflict as to the power of a judge other than the one who tries a case to enter a judgment or render a decision therein." Anno. 54 A. L. R. 953.

The respondent submits that sec. 256.08, Stats., is controlling. That statute provides:

"No process, proceeding, or action, civil or criminal, before any court of record shall be discontinued by the

occurrence of any vacancy in the office of any judge or of all the judges of such court, nor by the election of any new judge or judges of any such court, but the persons so elected shall have power to continue, hear, and determine such process, proceedings, or action as their predecessors might have done if no new election had been held."

The purpose of the statute in question is to obviate the necessity of discontinuance of an action or proceeding which is pending in a court when there is a vacancy of the judge or judges and an election of a successor or successors. The phraseology *"but the persons so elected shall have power to continue, hear, and determine such process, proceedings, or action as their predecessors might have done if no new election had been held,"* does not authorize the successor judge to weigh and compare testimony of witnesses whom he did not see or hear.

In *State ex rel. Pardeeville Electric Light Co. v. Sachtjen, supra,* the public service commission and not the court made the findings. The matter before the successor judge in that case was in the nature of a review of the decision of the commission. It was comparable to a review by this court of the findings of a trial court. The situation there was not analogous to that herein.

Motion for rehearing denied, with costs.