49 Wis.2d 130 (1970)
181 N.W.2d 378
STATE EX REL. CORTEZ, Appellant,
v.
BOARD OF FIRE & POLICE COMMISSIONERS OF THE CITY OF MILWAUKEE, Respondent.
No. 225.
Supreme Court of Wisconsin.
Argued November 4, 1970.
Decided December 1, 1970.
*134 The cause was submitted for the appellant on the brief of Gerald P. Boyle of Milwaukee, and for the respondent on the brief of John J. Fleming, Milwaukee city attorney, and Thomas E. Hayes and Rudolph T. Randa, assistant city attorneys.
A brief amicus curiae was filed by James A. Walrath of Milwaukee for Avelardo Valdez and the Wisconsin Civil Liberties Union.
HANLEY, J.
The following issues are presented on this appeal:
*135 (1) Is the ordinance a valid exercise of the legislative power of the Milwaukee Common Council, pursuant to sec. 62.03 (2), Stats.;
(2) Is the ordinance valid because of the home-rule power, pursuant to art. XI, sec. 3 of the Wisconsin Constitution, and sec. 66.01, Stats., as read in conjunction with sec. 62.11 (5); and
(3) Is there anything in Rule 13 (12) of the rules and regulations of the board which might preclude the appellant from receiving a fair trial?

Interpretation of sec. 62.03 (2), Stats.
Ch. 62 of the Wisconsin statutes sets forth a comprehensive series of regulations which govern the operations of municipal governments in Wisconsin. The provisions of the chapter are automatically applicable to cities of the second, third and fourth classes, but not applicable to cities of the first class (i.e., cities with population in excess of 150,000 residents).
In this case the pertinent portion of ch. 62 is found in sec. 62.13 (5), Stats., which deals with suspension and removal procedures for employees of fire and police departments.
"(5) DISCIPLINARY ACTIONS AGAINST SUBORDINATES. (a) A subordinate may be suspended as hereinafter provided as a penalty. He may also be suspended by the commission pending the disposition of charges filed against him.
"(b) Charges may be filed against a subordinate by the chief, by a member of the board, by the board as a body, or by an elector of the city. Such charges shall be in writing and shall be filed with the president of the board. Pending disposition of such charges, the board or chief may suspend such subordinate.
"(c) A subordinate may be suspended for cause by the chief or the board as a penalty. The chief shall file a report of such suspension with the commission immediately *136 upon issuing the suspension. No hearing on such suspension shall be held unless requested by the suspended subordinate. If the subordinate suspended by the chief requests a hearing before the board, the chief shall be required to file charges with the board upon which such suspension was based.
"(d) Following the filing of charges in any case, a copy thereof shall be served upon the person charged. The board shall set date for hearing not less than 10 days nor more than 30 days following service of such charges. The hearing on the charges shall be public, and both the accused and the complainant may be represented by an attorney and may compel the attendance of witnesses by subpoenas which shall be issued by the president of the board on request and be served as are subpoenas in justice court.
"(e) If the board determines that the charges are not sustained, the accused, if he has been suspended, shall be immediately reinstated and all lost pay restored. If the board determines that the charges are sustained, the accused, by order of the board, may be suspended or reduced in rank, or suspended and reduced in rank, or removed, as the good of the service may require.
"(f) Findings and determinations hereunder and orders of suspension, reduction, suspension and reduction, or removal, shall be in writing and, if they follow a hearing, shall be filed within 3 days thereof with the secretary of the board.
"(g) Further rules for the administration of this subsection may be made by the board." (Emphasis supplied.)
When this statute was first enacted, it did not apply to Milwaukee because Milwaukee was a city of the first class and the same were excepted from mandatory compliance with the provisions of ch. 62, Stats. Consequently, prior to the enactment of the ordinance by which Milwaukee adopted sec. 62.13 (5) (b), the filing of complaints with the board in Milwaukee was governed by sec. 29.18, Milwaukee City Charter, Annotated, 1934. This older ordinance provided that a citizen could not file a complaint unless he was a "reputable freeholder."
*137 Thus, in cities of the second, third and fourth classes in Wisconsin, a citizen could file a complaint if he was an "elector," but a resident in the city of Milwaukee could not file a complaint unless he was a "reputable freeholder."
Milwaukee sought to correct this rather obvious denial of equal protection by adopting sec. 62.13 (5) (b), Stats. Cities of the first class are entitled to adopt those portions of ch. 62 which they deem desirable by virtue of sec. 62.03, which provides that:
"First class cities excepted. (1) The provisions of chapter 62 of the statutes shall not apply to cities of the first class under special charter.
"(2) Any such city may adopt by ordinance the provisions of chapter 62 of the statutes or any section or sections thereof, which when so adopted shall apply to such city." (Emphasis supplied.)
Appellant's contention is that Charter Ordinance No. 341, by which Milwaukee adopted sec. 62.13 (5) (b), Stats., does not comply with sec. 62.03 (2), because sec. 62.03 (2) refers to "section" or "sections," and that what Milwaukee did was to adopt less than a "section." That is, if the council had adopted all of sec. 62.13, there would be no dispute. But since the council adopted only sub. (5) (b) of sec. 62.13, it did not comply with the requirement of sec. 62.03 (2) (section or sections).
The trial court found the appellant's argument overly technical, and we think properly so. As pointed out by the trial court, the word "section" is nowhere defined in the statutes and the interpretation sought by appellant would frustrate the legislative intent of sec. 62.03 (2), Stats., which was to allow Milwaukee to adopt whatever portion of ch. 62 it deemed advisable.
Sec. 62.04, Stats., entitled "Intent and construction," expresses the purpose and intent of the legislature in enacting secs. 62.01 through 62.26. Sec. 62.04 provides, in part:
*138 ". . . For the purpose of giving to cities the largest measure of self-government compatible with the constitution and general law, it is hereby declared that sections 62.01 to 62.26, inclusive, shall be liberally construed in favor of the rights, powers and privileges of cities to promote the general welfare, peace, good order and prosperity of such cities and the inhabitants thereof." (Emphasis supplied.)
In view of this admonition to construe sec. 62.03 (2), Stats., liberally "in favor of the rights . . . of cities," it seems very dubious that the legislature in using the word "section" was consciously contemplating the fine gradations between sections, subsections and paragraphs.
Moreover, the proposition that the words "section" or "sections" should not be technically construed is bolstered by sec. 990.01 (1), Stats.:
"(1) GENERAL RULE. All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning." (Emphasis supplied.)
It is "common and approved usage" to refer to statutes and their component parts as sections. For example, Webster's New International Dictionary (3d), at page 2052, defines "section" as:
". . . a division of a law, statute, or legislative act. . . "
Black's Law Dictionary (4th), at page 1521, defines "section" as follows:
"In text-books, codes, statutes, and other juridical writings, the smallest distinct and numbered subdivisions are commonly called `sections,' sometimes `articles,' and occasionally `paragraphs.' . . ."
In addition, this court has previously recognized that the use of the word "section" by the legislature does not invariably mean the entire section. In State ex rel. *139 Ekern v. Zimmerman (1925), 187 Wis. 180, 194, 204 N. W. 803, this court noted that:
". . . When the word `section,' therefore, was used, the legislature clearly intended not the entire section, but that portion of the provision which included the forestry amendment. The word `section' has also been interpreted as meaning a subdivision or subsection. . . ."
More recently, and with specific reference to sec. 62.03, Stats., this court held that sec. 62.03 allowed cities to adopt "any part" of ch. 62. In Wauwatosa v. Milwaukee (1954), 266 Wis. 59, 67, 62 N. W. 2d 718, the court said:
"Sec. 62.03, Stats., expressly gave cities of the first class the right to adopt any part of the general charter law contained in ch. 62, Stats., by ordinance. . . ."
Since ch. 62, Stats., is to be liberally construed in favor of the rights of cities and since common words are to be given their common meaning and since this court has previously held that "section" in sec. 62.03, means "any part" of ch. 62, it is obvious that Charter Ordinance No. 341 is valid and in compliance with sec. 62.03.
In addition to the technicality raised, appellant also argues that sec. 62.13 (5) (d), (e), and (f), Stats., which Milwaukee did not adopt contain important procedural safeguards without which the appellant may be denied a fair trial. The safeguards referred to include inter alia that the accused shall have the right:
1. To be represented by an attorney;
2. To compel attendance of witnesses by subpoena; and
3. To be informed in advance of the charges against him.
These rights are so fundamental that if the board proceeded without affording them to the appellant, obviously he would be denied a fair trial. But the council's *140 failure to adopt these portions of sec. 62.13 (5), Stats., is not proof of their intent to deny the appellant the rights contained therein. On the contrary, Rule 13 (8) through (14) of the rules and regulations of the board clearly provides that all three of the rights listed above, as well as other procedural guarantees, shall be secured to the appellant. Therefore, since it is clear that the appellant will enjoy the rights in question, the source of those rights is immaterial, and consequently the council's failure to adopt (d), (e) and (f) of sec. 62.13 (5), in no way prejudices the appellant.
Our determination that the ordinance is a valid enactment pursuant to sec. 62.03 (2), Stats., makes it unnecessary to pass upon the issue of whether or not the ordinance deals with a matter of statewide concern.

Does existence of Rule 13 (12) require granting of a writ of prohibition?
Rule 13 (12) of the rules and regulations of the Board of Fire & Police Commissioners provides as follows:
"(12) a. At the trial the Board shall be governed by the civil rules of evidence. All evidence having a reasonable probative value shall be admissible.
"b. Evidence gathered ex parte by investigation of the Board, personnel investigation of the Police Department or an investigation by the City Attorney, for the purpose of a civil action, shall not be admissible.
"c. Evidence not in the record of the trial shall not be considered by the Board, and the Board shall take official notice of only the Constitution of the United States and the State of Wisconsin, the Laws of the State of Wisconsin, the Charter of the City of Milwaukee and the ordinances of the City of Milwaukee."
Appellant contends that (b) of Rule 13 (12) could be invoked by the board to prevent potentially exculpatory evidence from being introduced in his behalf. Respondent contends that the purpose of Rule 13 (12) (b) is to ensure that the board will make its determination on the *141 basis of only that evidence which is produced at trial, thus ensuring that the defendant will have an opportunity to confront and cross-examine the source of all the evidence presented against him.
We think it would be improper for this court to speculate on the possible future application of this rule. What appellant is really asking the court to do is to presume that a duly authorized and constituted administrative body, such as the board, will act in a manner inconsistent with the mandates of due process. It is sufficient to note that in (c) of Rule 13 (12) the board binds itself to operate in a manner consistent with both the state and federal constitutions.
It is a well-settled rule of law in Wisconsin that a writ of prohibition may not be used to test the admissibility of evidence at an impending trial. State ex rel. Pardeeville Electric Light Co. v. Sachtjen (1944), 245 Wis. 26, 13 N. W. 2d 538.
In Sachtjen, supra, at page 30, this court noted that:
". . . It is the settled law in this state that a writ of prohibition will not be issued where there is an adequate remedy by appeal or otherwise. State ex rel. Joyce v. Farr, 236 Wis. 323, 327, 295 N. W. 21, and cases there cited." (Emphasis supplied.)
Appellant's right to appeal from the board's finding and to have a full review of the same is established by State ex rel. Kaczkowski v. Fire & Police Comm. (1967), 33 Wis. 2d 488, 148 N. W. 2d 44, 149 N. W. 2d 547.
Therefore, since he has a right to a review and since he has not shown any extraordinary factors which would render a review an inadequate remedy, he is not entitled to a writ of prohibition.
We conclude that the ordinance is a valid enactment and that the order granting respondent's motion to quash appellant's petition dismissing the action must be affirmed.
By the Court.Order affirmed.