TIMOTHY F. CULLEN, Chairperson Senate Organization Committee
The Committee on Senate Organization has requested my opinion whether the Common Council for the City of Milwaukee has the power to enact an anti-truancy ordinance similar to the draft enclosed. The proposed anti-truancy ordinance would provide in part:
(1) APPLICATION
 (a) Minors. It shall be unlawful for any minor between the ages of 7 and 18 years to be absent from his or her school during the full period and hours, religious holidays excepted, that the public or private school in which the child should be enrolled is in session until the end of the school term, quarter, or semester of the school year in which the child becomes 18 years of age except as provided under s. 118.15, Wis. Stats.
 (b) Parents. It shall be unlawful for any person having under their control a child required to attend school under s. 118.15, Wis. Stats., to permit such child to be truant from school.
(2) PENALTY
 (a) Minors. Any person violating sub. (1)(a) shall be referred to the proper authorities as provided in Ch. 48, Wis. Stats., and the court may impose a forfeiture not to exceed $25. If a child fails to pay the forfeiture the court may suspend the child's operation *Page 157 
privilege as defined in s. 340.01(40), Wis. Stats., for not less than 30 nor more than 90 days, as provided in s. 48.343(2), Wis. Stats.
 (b) Parents. Any person violating sub. (1)(b), upon conviction thereof, shall be fined not less than $5 nor more than $50 and in default of payment thereof be confined in the county jail not more than 60 days.
Proposed (1)(a) is based on section 118.15(1)(a), the compulsory attendance law, which requires any person who has control of a child between six and eighteen years old to cause the child to attend school. In a case of noncompliance, after a school attendance officer has met with the parent or guardian, made counseling available and evaluated a child, the parent or guardian may be prosecuted for noncompliance with the statute and may be fined or imprisoned. Secs. 118.15(5) and 118.16(5), Stats. If, however, the parent or guardian proves that he cannot comply with the compulsory attendance statute because of the child's disobedience, the action against the parent or guardian is to be dismissed and the child is to be referred to juvenile court. Sec.118.15(5), Stats. The juvenile court has
 exclusive original jurisdiction over a child alleged to be in need of protection or services which can be ordered by the court, and:
. . . .
 (6) Who is habitually truant from school, after evidence is provided by the school attendance officer that the activities under s. 118.16(5) have been completed.
Sec. 48.13(6), Stats. Truancy is defined in section 118.16(1)(b). Section 118.16 provides for appointment of a school attendance officer to be designated by the district school board who has the power to enforce the law as to all children between the ages of six and eighteen in the district and who is permitted access to records in private schools located in the district. The provisions of the compulsory attendance laws are applicable to schools in the City of Milwaukee. Sec. 119.04(1), Stats.
If the city had the power under home rule constitutional provisions to enact such an ordinance, I would nonetheless conclude that the proposed draft would be invalid if enacted. Paragraph (a) fails to define "private school" and paragraph (b) makes a reference to *Page 158 
"school under s. 118.15, Wis. Stats." without further definition. In State v. Popanz, 112 Wis.2d 166, 177, 332 N.W.2d 750 (1983), the supreme court stated: "We hold sec. 118.15(1)(a) is void for vagueness insofar as it fails to define `private school.'"
I conclude, however, that the City of Milwaukee is without power under the home rule provision of the Wisconsin Constitution or under general police powers to enact the proposed anti-truancy ordinance. Wisconsin Constitution article XI, section 3(1) provides:
 Cities and villages organized pursuant to state law may determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of statewide concern as with uniformity shall affect every city or every village. The method of such determination shall be prescribed by the legislature.
Sections 118.15 and 118.16 are enactments of statewide concern that with uniformity affect every city and village. Wisconsin Constitution article X, section 3 requires that the Legislature shall provide by law for the establishment of district schools which shall be free and without charge for tuition to all children between the ages of four and twenty and article X, section 1 provides that "[t]he supervision of public instruction shall be vested in a state superintendent and such other officers as the legislature shall direct . . . ." The power of the Legislature as to education, attendance and truancy of children eligible for but not attending public schools is extremely broad within state and federal constitutional limits to the extent it is not reserved to the state superintendent or some other agency or to the people by the Wisconsin Constitution. The power of the Legislature is plenary in nature and the constitution is not to be regarded as a grant of power but rather as a limitation upon the powers of the Legislature. State ex rel. McCormack v. Foley,18 Wis.2d 274, 118 N.W.2d 211 (1962). In Buse v. Smith,74 Wis.2d 550, 247 N.W.2d 141 (1976), it was held that equal opportunity for education is a fundamental right under the Wisconsin Constitution, that the establishment and operation of public schools is a governmental operation of the state and that the Legislature has delegated portions of that power to the school districts which act as agencies of the state. Buse holds that Legislature's power over public education is extensive but not plenary, since there remains some local control in the school district through its electors and board. Under the present scheme of *Page 159 
education in Wisconsin, in both the public and private school area, there is very little room left for local control by city councils and village boards in matters of curriculum, textbooks or attendance. A municipal officer can be designated school attendance officer under section 118.16(1)(a) if such officer and his municipal governing body are agreeable.
The City of Milwaukee operates under special charter and the provisions of the general charter law, subchapter I of chapter 62, do not apply to such city unless adopted by the city. See sec. 62.03, Stats., and State ex rel. Cortez v. Bd. of E. P.Comm., 49 Wis.2d 130, 181 N.W.2d 378 (1970). It can be argued that cities which are subject to section 62.11(5) and Milwaukee, which has adopted section 62.11(5), can enact an anti-truancy law under the general welfare provision which provides:
 POWERS. Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language.
The case of City of Madison v. Schultz, 98 Wis.2d 188,295 N.W.2d 798 (Ct.App. 1980), involved an ordinance regulating commercial sex activity. The court held that Madison could not rely on the home rule amendment as authority to enact the ordinance in question, but could rely on section 62.11(5).Schultz makes it clear that, unlike the home rule amendment, section 62.11(5) permits municipalities to legislate in matters primarily of statewide concern. 98 Wis.2d at 198. The test of the validity of such an ordinance is set forth in Schultz, citingWisconsin's Environmental Decade, Inc. v. DNR, 85 Wis.2d 518,271 N.W.2d 69 (1978). An ordinance may stand if the Legislature has not expressly withdrawn power from the municipality to legislate in that area, if the ordinance does not logically conflict with existing legislation and if the ordinance does not *Page 160 
defeat the purpose or go against the spirit of state legislation.98 Wis.2d at 199.
Milwaukee adopted section 62.11(5) by Charter Ordinance 203 on February 6, 1933. I conclude, however, that section 62.11(5) is not a sufficient justification upon which the City of Milwaukee can base an anti-truancy ordinance for a number of reasons. First, the Legislature has designated the school district board as its agent to deal with local aspects of most matters related to education of minors. Second, neither the constitution, special charter nor express statute grant the city such power. I have found no provision in the codified city charter which would give the common council specific power in the areas of truancy and compulsory school attendance. The Legislature has not provided that cities of the first class have power to enact anti-truancy ordinances. Third, the ordinance conflicts with existing legislation. The Legislature has expressly acted in the area and has established a scheme for handling nonattendance and truancy matters. It has provided that the juvenile court shall have exclusive control with respect to a child alleged to be a truant after the required activities in section 118.16(5) are completed. Procedures under the proposed ordinance would in some cases be instituted by a police officer or other city officer or employe by issuance of a citation or procedures related to arrest. Such procedures would be in conflict with those provided in section118.16(5) and (6), where filing information on a child with a court assigned to exercise jurisdiction under chapter 48 must be preceded by a conference with parent or guardian, educational counseling and evaluation by the school attendance officer. Police and other city officials can presently act under state statute to bring information as to alleged truancy of a child or alleged failure of a person having custody to have such child attend school to the attention of the school attendance officer.
The proposed anti-truancy ordinance may attempt to incorporate the procedures of section 118.15(5) by providing that any child who violates the ordinance "shall be referred to the proper authorities as provided in chapter 48, Wis. Stats." Under section48.13(6) the juvenile court has jurisdiction only if "the activities under s. 118.16(5) have been completed." But the proposed ordinance directly conflicts with chapter 48 in that the penalties to be imposed, forfeiture and suspension of the child's operating privilege, are expressly prohibited *Page 161 
for a child found in need of protection or services under section48.13. Sec. 48.345(3) and (4), Stats. Thus, the proposed ordinance, as it applies to truant children themselves, is not authorized by section 62.11(5). Nor is it authorized as it applies to parents or guardians because it permits a penalty to be imposed without the activities specified in section 118.16(5) having been completed. The ordinance conflicts with section118.15(5). I therefore conclude that the Common Council of the City of Milwaukee is without power to enact the proposed anti-truancy ordinance.
BCL:RJV