## THE CITY OF WATERTOWN VS. CADY.

*Sec. 8, Art. VIII, Const. of Wis.— Validity of city bonds, where a part of the statute authorizing their issue is void—Collection of judgment against city.*

1. Sec, 3, ch. 128, Pr. & L. Laws of 1856 (which provided that an annual tax of a specified amount was thereby levied upon the taxable property of a city for a certain term of years, to pay the interest on bonds which the act authorized the city to issue), was not invalid because the vote on the passage of the bill was not taken in the manner prescribed in sec. 8, Art. viii of the state constitution.
2. That section refers to a *state* tax.

3. But if that section were void, it would seem that the bonds would still be valid.

4. A judgment against a city (in the absence of any special provision on that subject in its charter) is *not* to be collected in the same manner as judgments against towns. *State ex rel. Sherman v. The Common Council of Milwaukee* (*ante*, p. 87) followed.

ERROR to the Circuit Court for *Jefferson* County.

*Cady* brought his action in said court to recover the amount of the coupons on certain bonds issued by the *City of Watertown*, under chap. 128 of the Private and Local Laws of 1856. Judgment in the court below for the amount of the coupons, with interest from the time they fell due; and the city brings this suit to reverse the judgment.

*Enos & Hall*, for plaintiff in error :

Sec. 3 of the act under which the bonds were issued, declares that "an annual tax of four thousand dollars is hereby levied for and during the term of twenty years, upon all the taxable property of said city, to pay the interest accruing on said bonds." The act is void because not passed by the yeas and nays, and because there was not a quorum of three fifths of all the members of each house present at its passage. These facts must affirmatively appear by being entered on the journals. Art. VIII, sec. 8, and Art. IV, sec. 10, Constitution of this state. The question need not be raised by the pleadings. It is the province of the court to ascertain whether the act in question is a law, and, to do so, it may look to the original bill on file and to the journals of the two houses, in possession of the secretary of state. Sedgw. on S. & C. Law, 68–9 ; 23 Wend., 132–4 ; 25 id., 605 ; 2 Hill, 31 ; 4 id., 394–404 ; 1 Denio, 9 ; 11 Wis., 18 ; 14 id., 378 ; 15 id., 419. The term "any law" includes any law which imposes a tax, local as well as general. 3 Kern., 143 ; 24 Wend., 65. 2. If the act is held to be valid, the defendant in error can enforce it only by procuring the city clerk to insert the amount in the tax list. *Crane v. City of Fond du Lac*, 16 Wis., 196.

*H. Barber, Jr.*, and *C. B. Skinner*, for defendant in error.

White vs. Polleys et al.

DOWNER, J., The plaintiff in error contends that the act (Pr. & L. Laws of 1856, ch. 128) under which the bonds described in the complaint were issued, is void, because the vote on its passage was not taken by the yeas and nays, and there were not three fifths of all the members of each house present at the time of its passage, according to the provisions of sec. 8, Art. VIII of the constitution. Section third of the act provides as follows: "An annual tax of four thousand dollars is hereby levied for and during the term of twenty years upon all the taxable property of said city, to pay the interest accruing on said bonds." This law, it is said, imposes a tax, and therefore requires three fifths of all the members of each house to be present when it was passed.

If we should concede that section three of the act was void, we do not think it follows that the whole act is void; on the contrary, we are inclined to the opinion that the other provisions of the act would be in force, and the bonds be valid. But the better answer to the objection is, that the tax mentioned in sec. 8, Art. VIII of the constitution is a state tax, not a local or city tax, and such construction was virtually given in *Bushnell v. City of Beloit*, 10 Wis., 228.

The objection that the plaintiff below, after judgment, can have no other remedy than he had before, is based upon the case of *Crane v. The City of Fond du Lac*, which has been overruled.

*By the Court.*—The judgment of the circuit court is affirmed.