McDONALD and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*October 6 — November 17, 1891.*

(*1*) *Bill of exceptions, when part of record.* (*2*) *Res adjudicata: Second writ of error.* (*3*) *Enactment of laws: Journals of legislature: Judicial notice.* (*4*) *Constitutional law: Acts creating debts or making appropriations: New judicial circuits.* (*5*) *Criminal law: Jurisdiction of aliens, etc.* (*6*) *Appointment of counsel for prisoners.*

1. A bill of exceptions which has been settled and signed by the judge and deposited with the clerk is a part of the record, although the ·clerk has omitted to indorse it "filed."

2. A bill of exceptions which had become a part of the record was not returned to this court on a writ of error. The only error assigned was that the sentence exceeded the statutory limit, and on that

McDonald and another vs. The State.

ground the judgment was reversed, and the trial court was directed to pronounce the proper judgment without a new trial. *Held*, that all questions arising upon the record prior to the first judgment were *res adjudicata*, and that the exceptions could not be reviewed on a second writ of error. *Benedict v. State,* 12 Wis. 313, and 14 id. 423, distinguished.

3. The courts will take judicial notice of the contents of the journals of the two houses of the legislature far enough to determine whether an act published as a law was actually passed in accordance with constitutional requirements; but they will not inquire whether the two houses have or have not complied strictly with their own rules in their procedure upon the bill between its introduction and final passage.

4. An act (ch. 488, Laws of 1887) creating a new judicial circuit and providing for the election of a judge therefor, etc., is not a law which " creates a debt or charge, or makes, continues, or renews an appropriation of public money," within the meaning of sec. 8, art. VIII, Const., which requires that on the passage of laws of that nature the question shall be taken by yeas and nays, which shall be duly entered on the journal.

5. Courts of this state have jurisdiction to punish under its laws aliens or citizens of other states who have committed crimes in this state.

6. Sec. 4713, R. S., confers no power upon the supreme court to appoint counsel for persons charged with offenses.

ERROR to the Circuit Court for *Ashland* County.

The plaintiffs in error were tried and convicted in the circuit court of Ashland county on an information charging them with the crime of assault and felonious robbery, under sec. 4375, R. S. The court thereupon sentenced them, respectively, to terms of imprisonment in excess of the maximum term prescribed by the statute. After two unsuccessful petitions to this court for writs of *habeas corpus* to procure their discharge because of such error (74 Wis. 450; 76 Wis. 366), they brought the case to this court by writ of error. The only error assigned was that the sentences were in excess of the statutory limitation. A bill of exceptions had been theretofore settled and signed by the circuit judge, and deposited with the clerk of the court, but the same was not returned to this court on the writ of error.

It was not actually indorsed by the clerk "Filed" until after return was made to the writ. This court reversed the judgment of the circuit court because of error in the sentences, and directed that court to pronounce the proper judgment *nunc pro tunc.* 79 Wis. 651. The circuit court thereupon entered the proper judgment, and resentenced the plaintiffs in error to imprisonment for terms within the statutory limits, to commence on the day the first sentence was pronounced. They thereupon sued out the present writ of error to obtain a review and reversal of such last-mentioned judgment.

The bill of exceptions has been returned as a part of the record, and numerous rulings of the court are assigned as grounds for a reversal of the judgment.

For the plaintiffs in error there were briefs by *Rublee A. Cole,* and oral argument by *Mr. Cole* and *Mr. H. M. Lewis.* To the point that the court can look beyond the mere certificates of the presiding officers of the two houses of the legislature, the signature of the governor, and the publication of the act, and may ascertain from the senate and assembly journals whether the bill to create the fifteenth judicial circuit did actually pass both houses, they cited R. S. sec. 4135; Const. art. IV, sec. 10; *State ex rel. Huff v. McClelland,* 18 Neb. 236; *Bound v. Wis. Cent. R. Co.* 45 Wis. 543; *Meracle v. Down,* 64 id. 323; *Gardner v. Collector,* 6 Wall. 499, 510, 511; *Smithee v. Campbell,* 41 Ark. 471; *Larrison v. P., A. & D. R. Co.* 77 Ill. 11; *People v. Mahaney,* 13 Mich. 481, 491–2; *People v. Supervisor,* 16 id. 254, 258–9; *South Ottawa v. Perkins,* 94 U. S. 260; *Post v. Supervisors,* 105 id. 667; *In re Duncan,* 139 id. 449; Sutherland, Stat. Const. secs. 41, 52; *People ex rel. Purdy v. Comm'rs of Highways,* 54 N. Y. 276.

The *Attorney General,* for the defendant in error, to the point that aliens and citizens of other states who commit crimes in this state are subject to punishment according to

its laws, cited Wharton, Confl. of Laws, sec. 819; *U. S. v. Wiltberger*, 5 Wheat. 97; *Reg. v. McCafferty*, 10 Cox, Cr. Cas. 603.

The following opinion was filed October 20, 1891:

Lyon, J. When return was. made to the first writ of error herein, a bill of exceptions had been regularly settled and signed by the judge. It was therefore a part of the record at that time. R. S. sec. 2873. It is immaterial that the clerk had omitted to indorse the same "Filed." If it contained exceptions which the plaintiffs in error desired this court to pass upon, they should have had it returned on the first writ as a part of the record. In contemplation of law, the whole record was before this court on the first writ, and all the rulings of the circuit court on the trial were approved by this court, down to the erroneous sentences. Such is the necessary effect of the judgment of this court directing the circuit court to resentence the plaintiffs in error without another trial. Hence the judgment of this court on the first writ is necessarily *res adjudicata* of all questions arising upon the record previous to the first sentence, and brings the case within the principle that successive writs of error cannot be brought upon the same judgment. In *Zimmerman v. Turner*, 24 Wis. 483, the court went further, and held that " when on a writ of error the judgment has been affirmed, plaintiffs in error cannot have a new bill of exceptions settled so as to present a question not presented by the former, and sue out a new writ."

It is claimed that the case of *Benedict v. State*, 12 Wis. 313, and 14 Wis. 423, establishes a different rule. That case, like this, was in this court on two successive writs of error. Here the analogy between the two cases ceases. On the first writ the court held that no judgment had been rendered. So it reversed nothing, but simply directed the

circuit court to pronounce judgment, which was accordingly done. Then a bill of exceptions was settled and signed, and another writ of error sued out. There was but one judgment, and, as a matter of course, all exceptions taken during the progress of the cause, and preserved in the bill of exceptions, were before the court for review, and were reviewed. They could not have been properly reviewed on the first writ, because there was then no judgment. If there is any ground for criticising that case, it is that the court, on writ of error, finding no judgment, awarded a *procedendo*. This practice seems to rest upon the necessity of the case, and English authorities are cited in the opinion by DIXON, C. J., justifying it.

We therefore decline to determine, on this writ of error, the exceptions taken before the first judgment was pronounced. We do this with less hesitation for the reason that the argument has failed to convince us that any material error occurred during the trial.

After the cause was remanded, and before the last judgment and sentences were pronounced, the plaintiffs in error severally moved the court to arrest the judgment and for a new trial. These motions were made upon two grounds. The first of these is that ch. 488, Laws of 1887, purporting to create the fifteenth judicial circuit, is not a valid law, and hence that there is no such circuit, and Judge PARISH, who was elected under that statute, is not the judge of the circuit court of Ashland county *de jure* or *de facto*. The validity of ch. 488 is challenged on two general grounds. These are: (1) That the two houses of the legislature, in attempting to enact that chapter, violated their own rules of procedure in several particulars; and (2) that the yeas and nays were not called on the passage of the bill and entered on the journals of the respective houses.

The courts will take judicial notice of the statute laws of the state, and to this end they will take like notice of the

contents of the journals of the two houses of the legislature far enough to determine whether an act published as a law was actually passed by the respective houses in accordance with constitutional requirements. Further than this the courts will not go. When it appears that an act was so passed, no inquiry will be permitted to ascertain whether the two houses have or have not complied strictly with their own rules in their procedure upon the bill, intermedi- ate its introduction and final passage. The presumption is conclusive that they have done so. We think no court has ever declared an act of the legislature void for non-compli- ance with the rules of procedure made by itself, or the re- spective branches thereof, and which it or they may change or suspend at will. If there are any such adjudications, we decline to follow them.

The journals of the senate and assembly of 1887 show that ch. 488 was passed in both houses in the usual manner, but it does not appear that the yeas and nays were called on its passage in the assembly. At least, they are not entered on the journal. The bill for ch. 488 was therefore regu- larly passed, and the chapter is a valid law, unless it comes within the provisions of sec. 8, art. VIII, of the constitution. The section is as follows: " On the passage in either house of the legislature of any law which imposes, continues, or renews a tax, or creates a debt or charge, or makes, con- tinues, or renews an appropriation of public or trust money, or releases, discharges, or commutes a claim or demand of the state, the question shall be taken by yeas and nays, which shall be duly entered on the journal; and three fifths of all the members elected to such house shall, in all such cases, be required to constitute a quorum therein.

If ch. 488 is within the above provision, it is so either be- cause it " creates a debt or charge, or makes, continues, or renews an appropriation of public money." In our opin- ion, it does not come within the meaning of any of those

terms as used in the constitution. The term "debt or charge" manifestly refers to the contracting of a public debt for extraordinary expenditures, referred to and limited in sec. 6 of the same article, and has no reference to the salaries of public officers. The appropriation for the payment of the salaries of circuit judges (which includes the salary of the judge of each judicial circuit in the state) is made by secs. 170, 172, S. & B. Ann. Stats., and the enactment of ch. 488 neither "makes, continues, nor renews" it. Hence, ch. 488 is not within the requirements of the constitutional provision, and is therefore a valid law, although not passed with the formalities therein required. It follows that there is a fifteenth judicial circuit, and that it includes Ashland county. We take judicial notice that Hon. J. K. PARISH is the duly elected and qualified judge of that circuit.

The remaining ground upon which the motion in arrest of judgment was founded is that one of the plaintiffs in error is a subject of the queen of Great Britain, and the other is a citizen of the state of Maine, and hence that the courts of this state have no jurisdiction to pronounce sentence upon them. Counsel seem to think that the case is within sec. 641, R. S. of U. S. Clearly it is not, and, if it were, no seasonable application for a change of venue to the federal court was made. The plaintiffs in error must be content with the same measure of justice which would have been meted to them under the same procedure had they been citizens of this state.

The plaintiffs in error have submitted to this court a third petition for a writ of *habeas corpus* based upon the same grounds as were urged herein for an arrest of judgment. Having held that none of said grounds are tenable, the petition for a writ of *habeas corpus* must be denied.

After this case was remitted to the circuit court for entry of the proper judgment, that court was requested to appoint

counsel for the plaintiffs in error, under sec. 4713, R. S. The court refused to do so, and the motion was renewed in this court *ore tenus*, when the cause was argued.   We have held that sec. 4713 confers no such power upon this court. *State v. Wentler,* 76 Wis. 89, 97.   The motion must be denied.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied November 17, 1891.