HOPPER, Appellant, vs. ASHLAND COUNTY, Respondent.

*March 24 — April 11, 1893.*

*Criminal law and practice: Appointment of counsel to defend: Claim for compensation.*

An application for the appointment of a certain attorney to defend a person charged with an offense was denied by the circuit court on the ground that it had no jurisdiction to make such appointment, but it was "ordered that if the supreme court shall hold that this court has jurisdiction to make an order to appoint counsel at this stage of the proceedings, then this court orders as of this date" that such attorney be appointed. The supreme court never ruled specifically that the circuit court had jurisdiction to make the appointment in that particular case at that particular time. After the case was disposed of, an application by the attorney to the circuit court to fix his compensation for defending the accused was denied. *Held*, that the attorney had no appointment which entitled him to compensation from the county.

APPEAL from the Circuit Court for *Ashland* County. The plaintiff presented to the board of supervisors of *Ashland* county, for allowance, a claim of $380, for legal services rendered by Rublee A. Cole, Esq., in a criminal prosecution against one McDonald, originating in that county. The claim had been theretofore duly assigned by Mr. Cole to the plaintiff. The county board disallowed the claim, and the plaintiff thereupon appealed from such disallowance to the circuit court. A trial of the appeal

resulted in a judgment for the county on the merits, in effect affirming the disallowance of the claim by the county board.   This appeal is by the plaintiff from such judgment.

The facts in the case are as follows: An application was made by McDonald to the circuit court, alleging his inability to employ counsel and asking that Mr. Cole be appointed to defend him.   On this application the court made· an order dated January 21, 1891, which, among other things, contained the following: "It is further ordered that the application of the defendant to have this court appoint Rublee A. Cole, of Ashland, Wisconsin, as his attorney herein to take further proceedings herein, is denied, not on any grounds of discretion by the court, but because this court holds it has no jurisdiction to make such an order; but it is further ordered that if the supreme court shall hold that this court has jurisdiction to make an order to appoint counsel at this stage of the proceedings, then this court orders as of this date that the said Rublee A. Cole be, and he is hereby, appointed to defend said Samuel McDonald, and to take further proceedings herein, at public expense."   A similar application was made later, upon which the following order, dated June 16, 1891, was made: "It is hereby ordered that the application for appointment be denied; and it is further ordered that the former order as to appointment be, and hereby is, repeated in every particular, and the defendant hereby is allowed the same exceptions as were allowed to such former order.   And it is further ordered that such former order be, and hereby is, ratified and confirmed prior to the further sentence of the defendant."

After McDonald's case was finally disposed of, Mr. Cole made an application to the circuit court to fix the compensation to which he claimed to be entitled for defending McDonald after the above orders were made, but the court refused to do so, for reasons stated in an opinion filed by

Judge PARISH, which it is unnecessary to insert here. All these proceedings were taken before the claim was presented to the board of supervisors.

The cause was submitted for the appellant on the brief of *Rublee A. Cole,* and for the respondent on that of *R. Sleight.*

For the appellant it was contended that the circuit court, at the time of making the orders on the subject, had jurisdiction to appoint counsel, and in effect did so appoint, and that Mr. Cole had the right to rely upon such order in rendering the service and making the disbursements he did in the case. R. S. sec. 4713; Const. art. I, sec. 7; *McDonald v. State,* 80 Wis. 407. After the services had been rendered, the bill therefor was a proper one to be presented to the judge of the circuit court in the first instance. *State v. Williamson,* 72 Wis. 61; *State v. Wentler,* 76 id. 89, 97. The judge having disallowed such bill, the only course open was to file the claim with the county board, and upon its disallowance there to appeal. In nearly all cases which have reached the supreme court in respect to the compensation of counsel, claims were in the first instance filed with the county board, disallowed, appealed to the circuit court, and in turn appealed to the supreme court. *Carpenter v. Dane Co.* 9 Wis. 274; *Dane Co. v. Smith,* 13 id. 585; *Weisbrod v. Winnebago Co.* 20 id. 418.

LYON, C. J. There is no possible ground upon which the county can be held liable to pay the claim here in controversy unless Mr. Cole was appointed by the circuit court to defend McDonald. We do not think either of the orders above quoted is such an appointment. Each of them in express terms denies the application to make such appointment. True, the circuit court held it had no jurisdiction to make the appointment, and says in each order that if this court holds it had such jurisdiction the appointment

should be considered made as of the date of the order. We are not aware that this court has ruled specifically that the circuit court had jurisdiction to make the appointment in that particular case at that particular time. Indeed, this court has not considered that question, although in other cases it has adjudicated upon the general question of the authority of the circuit court in the premises. The most favorable construction which can be put upon either of these orders is that it is ambiguous, if not contradictory, in its terms, and there are certainly as good, if not better, reasons for saying that it refuses to make the appointment than for saying it makes it. The county should not be charged for such services unless the claimant can produce a clear, unequivocal order of appointment, and that has not been done in this case. The circuit court practically held, when it denied the application to fix the amount of Mr. Cole's compensation, that neither order appointed him to defend McDonald; and in *McDonald v. State*, 80 Wis. 407, this court held that one of those orders was a refusal to appoint counsel (p. 413). The orders are substantially alike.

It may well be argued that the remedy on this claim against the county is confined to an appeal from the order of the circuit court refusing to fix Mr. Cole's compensation; but we choose rather to put our judgment on the ground that Mr. Cole had no appointment as counsel which entitles him to compensation from the county for defending McDonald.

*By the Court.*— The judgment of the circuit court is affirmed.