HOWARD, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 28—February 18, 1902.*

*Criminal law and practice: Supreme court: Appointment of counsel for indigent persons.*

Sec. 4713, Stats. 1898, directing payment from the county treasury of counsel, appointed by order of court to defend indigent persons charged with a crime, confers no authority upon the supreme court to make such appointment, and application for that purpose will be denied.

MOTION under sec. 4713, Stats. 1898, to appoint counsel to prosecute a writ of error. *Motion denied.*

*John H. Brennan,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General,* and oral argument by *R. F. Hamilton,* second assistant attorney general.

PER CURIAM. The plaintiff in error was convicted of assault with intent to kill, and was sentenced to imprisonment at Waupun. He had no means, and counsel was appointed to defend him in the trial court, but the appointment was limited to the trial term. A writ of error was sued out of this court, and a motion made in the trial court that counsel be appointed to represent the accused in this court, which motion was denied, although it was admitted that the plaintiff in error was still destitute of means. Motion is now made in this court that counsel be appointed to prosecute the writ of error.

It has been deliberately held by this court in at least two recent cases not only that this court will not appoint counsel for indigent persons charged with crime, but that sec. 4713, Stats. 1898, confers no such power upon this court. However we might be inclined to view the question, were it an original proposition, we do not feel inclined to change a rule which has become so well settled. *McDonald v. State,* 80 Wis. 407; *Baker v. State,* 84 Wis. 584.

Motion denied.