STATE EX REL. McCORMACK and another, Petitioners, v. FOLEY, County Judge, Respondent.

*November 2—November 27, 1962.*

For the petitioners there was a brief and oral argument by *Robert P. Russell,* corporation counsel of Milwaukee county, for Francis X. McCormack, and by *George Timmerman* of Milwaukee, for Helen F. Venzl.

For the respondent the cause was argued by *Warren H. Resh,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

DIETERICH, J. The pertinent allegations of the complaint-petition in the instant proceeding before the supreme court are: That Francis X. McCormack is the duly elected, qualified, and acting clerk of the circuit court for Milwaukee county; that Helen F. Venzl is a resident and property owner of the city and county of Milwaukee; that on the 6th day of June, 1961, Milwaukee county expressway commission made an award of damages for the taking of certain

property owned by the petitioner, Helen F. Venzl, but subject to a first mortgage, leasehold interests, and other liens.

That pursuant to the provisions of sec. 32.05 (7) (d), Stats.,[1] Milwaukee county expressway commission on the 13th day of June, 1961, deposited with the clerk of the circuit court a check in the amount of $21,654.22. On the 14th day of June, 1961, Heimie H. Coren, the owner of a leasehold interest in the property taken, filed a petition with the circuit court for Milwaukee county asking for a hearing to determine the rights of the various interested parties and their shares in the award of damages. On August 2, 1962, Naegele Outdoor Advertising Company filed a petition for allocation of its share of the award for damages. On August 7, 1962, Helen F. Venzl filed a reply and counterpetition requesting that the petition of Heimie H. Coren be dismissed upon its merits, and that petitioner be awarded a proper share of the proceeds of the award. On July 26, 1962, the circuit judge to whom the case had been assigned requested, pursuant to the provisions of sec. 253.19, a judge from the Milwaukee county court to act temporarily as circuit judge and try the case. The county judge accepted in writing. A pretrial conference was held and the case was scheduled for trial. The petitioners pray for a writ of prohibition on the ground that sec. 253.19 is invalid because it violates the provisions of secs. 2 and 11, art. VII of the Wisconsin constitution.

The issue is whether sec. 253.19, Stats., violates any provisions of the Wisconsin constitution.

---

[1] Sec. 32.05. "(7) *Award of Compensation.* . . .

"(d) On or before said date of taking, a check, naming the parties in interest as payees, for the amount of the award less outstanding delinquent tax liens, proportionately allocated as in division in redemption under secs. 74.06, 74.32, and 75.01 when necessary and less prorated taxes of the same year, if any, likewise proportionately allocated when necessary against the property taken, shall at the option of the condemnor be mailed by certified mail to the owner or one of the owners of record or be deposited with the clerk of the circuit court of the county for the benefit of the

The framers of the Wisconsin constitution vested the legislative power of the state in a senate and assembly. The exercise of such power is subject only to the limitation and restraints imposed by the Wisconsin constitution and the constitution and laws of the United States.

This court has repeatedly held that the power of the state legislature, unlike that of the federal congress, is plenary in nature, and we again repeat what Mr. Justice COLE stated in *Bushnell v. Beloit* (1860), 10 Wis. 155 (*195), 168 (*225), and which we previously quoted in *Cutts v. Department of Public Welfare* (1957), 1 Wis. (2d) 408, 416, 84 N. W. (2d) 102, to wit:

" 'We suppose it to be a well-settled political principle that the constitution of the state is to be regarded not as a grant of power, but rather as a limitation upon the powers of the legislature, and that it is competent for the legislature to exercise all legislative power not forbidden by the constitution or delegated to the general government, or prohibited by the constitution of the United States.' "

Sec. 253.19, Stats., provides:

"TEMPORARY DUTY. A county judge may act as county judge in another county or as a circuit judge on the written request of the judge of said court; and, when designated and assigned to so act by the chief justice of the supreme court or other designated justice, shall do so. While acting temporarily as a county judge in another county or as a circuit judge, a county judge has the power to hold court, try cases, and exercise all the authority of the presiding judge."

The circuit court is a constitutional court vested with judicial power under the express provisions of sec. 2, art. VII of the Wisconsin constitution.[2]

---

persons named in the award. The persons entitled thereto may receive their proper share of such award by petition to and order of the circuit court of the county. Such petition shall be filed with the clerk of such court without fee."

[2] "JUDICIAL POWER, WHERE VESTED. *Section 2.* The judicial power of this state, both as to matters of law and equity, shall be

The county courts are inferior courts created by the legislature pursuant to the provisions of sec. 2, art. VII of the Wisconsin constitution, with a limited civil and criminal jurisdiction.

The circuit courts, pursuant to the provisions of sec. 8, art. VII of the Wisconsin constitution,[3] have original jurisdiction in all matters civil and criminal within the state, not excepted in this constitution, and not hereafter prohibited by law, and appellate jurisdiction from all inferior courts and tribunals as well as supervisory control over the same.

The election for circuit court judges is governed by sec. 7, art. VII of the Wisconsin constitution,[4] and vacancies are governed by sec. 9, art. VII of the Wisconsin constitution.[5]

The problem presented in the instant action is whether the constitution prohibits a judge of an inferior court from acting temporarily as the judge of a constitutional court (circuit court). There is no express prohibition to that effect in the constitution. Therefore, to hold sec. 253.19, Stats., unconstitutional, it would be necessary for this court

---

vested in a supreme court, circuit courts, courts of probate, and in justices of the peace. The legislature may also vest such jurisdiction as shall be deemed necessary in municipal courts, and shall have power to establish inferior courts in the several counties, with limited civil and criminal jurisdiction. Provided, that the jurisdiction which may be vested in municipal courts shall not exceed in their respective municipalities that of circuit courts in their respective circuits as prescribed in this constitution; and that the legislature shall provide as well for the election of judges of the municipal courts as of the judges of inferior courts, by the qualified electors of the respective jurisdictions. The term of office of the judges of the said municipal and inferior courts shall not be longer than that of the judges of the circuit courts."

[3] "CIRCUIT COURT, JURISDICTION. *Section 8.* The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law; and appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same. They shall also have the power to issue writs of habeas corpus, manda-

to imply such prohibition from the provisions of art. VII of the Wisconsin constitution, relating to circuit courts.

The law in this state presumes that all legislative acts are constitutional unless it appears they are unconstitutional beyond a reasonable doubt. See the cases annotated in 1 W. S. A., p. 292, note 117. It is also recognized that the Wisconsin constitution is not a grant of power, but a limitation upon the powers of the legislature. Except for these limitations the power of the legislature is practically absolute. *Cutts v. Department of Public Welfare, supra.*

Under the provisions of sec. 11, art. VII of the Wisconsin constitution,[6] the judges of the circuit court are empowered to hold courts for each other and can be required to do so by legislative enactment.

In *Van Slyke v. Trempealeau County Farmers' Mut. Fire Ins. Co.* (1876), 39 Wis. 390, 392, this court stated:

"So manifest is this intent to distribute and restrict the exercise of judicial authority by express grant, that the framers of the constitution deemed it necessary to give ex-

mus, injunction, quo warranto, certiorari, and all other writs necessary to carry into effect their orders, judgments, and decrees, and give them a general control over inferior courts and jurisdictions."

[4] "CIRCUIT JUDGES; ELECTION, ELIGIBILITY, TERM, SALARY. *Section 7.* For each circuit there shall be chosen by the qualified electors thereof one circuit judge, except that in any circuit in which there is a county that had a population in excess of eighty-five thousand, according to the last state or United States census, the legislature may, from time to time, authorize additional circuit judges to be chosen. Every circuit judge shall reside in the circuit from which he is elected, and shall hold his office for such term and receive such compensation as the legislature shall prescribe."

[5] "VACANCIES; JUDICIAL ELECTIONS. *Section 9.* When a vacancy shall happen in the office of judge of the supreme court or circuit courts, such vacancy shall be filled by an appointment of the governor, . . . a circuit judge when so elected shall hold his office for such term as the legislature prescribes . . ."

[6] "TERMS OF COURTS; CHANGE OF JUDGES. *Section 11.* . . . The judges of the circuit court may hold courts for each other, and shall do so when required by law."

press authority to the judge of one circuit to hold court in another."

The petitioners contend that the rule of construction of *"expressio unius est exclusio alterius"* (expression of one thing is the exclusion of another) is applicable to the construction of sec. 11, art. VII of the Wisconsin constitution, which construction would prohibit by implication anyone to hold circuit court except a circuit court judge. This court in *Ferguson v. Kenosha* (1958), 5 Wis. (2d) 556, 564, 93 N. W. (2d) 460, held that the construction of *"expressio unius est exclusio alterius"* should not be invoked where the result will be to limit the plenary power of the legislature by implication. *State ex rel. Milwaukee v. Circuit Court* (1958), 3 Wis. (2d) 439, 445, 88 N. W. (2d) 339; *Cutts v. Department of Public Welfare, supra;* and cf. *State ex rel. Thomson v. Giessel* (1955), 271 Wis. 15, 53, 72 N. W. (2d) 577.

The language used in sec. 11, art. VII of the Wisconsin constitution is permissive and there is nothing in such language which prohibits the legislature from providing that a county judge act as a temporary judge of a circuit court pursuant to the provisions of sec. 253.19, Stats. *In re Southern Wisconsin Power Co.* (1909), 140 Wis. 245, 122 N. W. 801.

The decision in the *Van Slyke Case* is based on the concept that the legislature has no power except that expressly conferred by the constitution which concept is contrary to the settled law in this state. This court has consistently held that the legislative power is not derived from either the state or federal constitution. The constitutional provisions are only limitations upon the legislative power. This court has uniformly approached the question as to the constitutionality of a legislative act on the basic principle that every presumption and intendment is in favor of the legislative act's validity. The rule is that it is the recognized duty of the court to sus-

tain the act of the legislature unless it is clear beyond a reasonable doubt that it is violative of the fundamental law.

Sec. 10, art. VII of the Wisconsin constitution,[7] provides that at the time of his election a judge must be a citizen of the United States, have attained the age of twenty-five, and be a qualified elector within the jurisdiction for which he may be chosen.

Sec. 24, art. VII of the Wisconsin constitution,[8] provides that no person seventy years of age or over may take the office of a supreme court justice or circuit judge, and further no person may take or hold the office of judge unless he is licensed to practice law in this state and has been so licensed for a period of five years immediately prior to his election.

We conclude that a county court judge may validly act as a temporary circuit court judge under the provisions of sec. 253.19, Stats., if he meets the requirements for circuit court judges enumerated in secs. 10 and 24, art. VII of the Wisconsin constitution.

*By the Court.*—The writ of prohibition is denied.

---

[7] "COMPENSATION AND QUALIFICATIONS OF JUDGES. *Section 10.* Each of the judges of the supreme and circuit courts shall receive a salary, payable at such times as the legislature shall fix, of not less than one thousand five hundred dollars annually; they shall receive no fees of office, or other compensation than their salary; they shall hold no office of public trust, except a judicial office, during the term for which they are respectively elected, and all votes for either of them for any office, except a judicial office, given by the legislature or the people, shall be void. *No person shall be eligible to the office of judge who shall not, at the time of his election, be a citizen of the United States and have attained the age of twenty-five years, and be a qualified elector within the jurisdiction for which he may be chosen."* (Italics supplied.)

[8] "RETIREMENT AND ELIGIBILITY FOR OFFICE OF JUSTICES AND CIRCUIT JUDGES. *Section 24. No person seventy years of age or over may take office as a supreme court justice or circuit judge. No person may take or hold such office unless he is licensed to practice law in this state and has been so licensed for five years immediately prior to his election or appointment. . . ."* (Italics supplied.)