THE HONORABLE, THE SENATE
By Senate Resolution 12 you have requested my opinion with regard to the constitutionality of any law resulting from Assembly Bill 210, which is now before the Senate. *Page 246 
Your resolution states that during the Assembly debate it was held that Assembly Bill 210 did not require referral to the Joint Committee on Finance "because of the minimal and speculative nature of a possible fiscal note"; you question whether this failure to refer to the Joint Committee on Finance is in accordance with sec. 13.10 (1), Stats.
Your resolution also raises the question of compliance with sec. 16.47
(2), Stats., which in effect prohibits, prior to the passage of the general fund executive budget, the passage of any bill with fiscal implications unless recommended as emergency bills either by the Governor or the Joint Committee on Finance.
Your resolution further asks me to make special reference to the case of State ex rel. General Motors Corporation v. Oak Creek (1971),49 Wis.2d 299, 182 N.W.2d 481.
Assembly Bill 210 as passed by the Assembly would amend sec. 111.06 (1) (c) of the statutes so as permit an employer to enter into an all-union agreement with the representatives of his employes in a collective bargaining unit if the representative of his employes has been certified as the majority representative by the Wisconsin Employment Relations Commission or the National Labor Relations Board. In present form this statute permits such an all-union agreement where at least two-thirds of such employes voting (provided such two-thirds also constitute at least a majority of the employes in such collective bargaining unit) have voted affirmatively by secret ballot in favor of such all-union agreement in a referendum conducted by the Commission. The present statute also contains other provisions including those for the termination of an all-union agreement which would be repealed by Assembly Bill 210 and which are immaterial here.
The first question is whether, if Assembly Bill 210 is enacted into law, there will have been a legislative failure to comply with constitutional mandates. Although your resolution refers to no specific constitutional vulnerability, a brief discussion of this subject may be useful. *Page 247 
The Wisconsin Constitution contains the following provisions governing the procedure which the legislature is to follow in passing a statute:
(1) Article IV, section 7 (a majority constitutes a quorum to do business).
(2) Article IV, section 8 (each house may determine the rules of its own proceedings).
(3) Article IV, section 17 (no law shall be enacted except by bill).
(4) Article IV, section 19 (a bill may originate in either house and may be amended by the other).
(5) Article IV, section 20 (yeas and nays of either house on any question, at the request of one-sixth of those present, shall be entered on the journal).
(6) Article V, section 10 (provides for approval, veto and other action by the Governor and passage after veto).
(7) Article VII, section 21 (provides for publication of laws).
(8) Article VIII, section 6 (contains special provisions for laws authorizing the contracting of public debts).
(9) Article VIII, section 8 (contains special provisions for fiscal bills, requires yea and nay vote, quorum of three-fifths).
(10) Article XI, section 4 (contains special provisions for enactment of banking laws, two-thirds vote of all elected members required).
Inasmuch as Art. VIII, sec. 8, Wis. Const., deals with fiscal bills, as do the statutes to which you have referred, it is useful to consider cases construing the constitutional provision. These cases show a consistent tendency to limit the definition of a fiscal law. For example, state laws relating to city or local taxes, as distinguished from a state tax, are not included under this constitutional provision.Watertown v. Cady (1866), 20 Wis. 501, 503. A law relating merely to the machinery for apportioning and compelling payment of a *Page 248 
tax is not included. Whittaker v. City of Janesville (1873), 33 Wis. 76,89. A law creating a judicial circuit, where the appropriation for the payment of salaries of circuit judges was provided for in other statutes, did not come within this provision. McDonald v. State (1891), 80 Wis. 407,413, 50 N.W. 185.
An act amending the Workmen's Compensation Law which affected the exactions of money from employers paid into the State Treasury and paid out to a limited class of dependents of employes was held not to deal with "public or trust money" as used in Art. VIII, sec. 8 of the State Constitution. Sturtevant Co. v. Industrial Comm. (1925), 186 Wis. 10,202 N.W. 324.
Where an appropriation bill was amended, but the amendment was not an inducement to the rest of the bill and did not itself make an appropriation, the yea and nay vote specified in Art. VIII, sec. 8 Wis. Const., was not required with respect to the amendment. Loomis v.Callahan (1928), 196 Wis. 518, 528, 220 N.W. 816.
In fact, in McDonald, supra, at pages 411-412, the court said:
"The courts will take judicial notice of the statute laws of the state, and to this end they will take like notice of the contents of the journals of the two houses of the legislature far enough to determine whether an act published as a law was actually passed by the respective houses in accordance with constitutional requirements. Further than thisthe courts will not go. When it appears that an act was so passed, no inquiry will be permitted to ascertain whether the two houses have or have not complied strictly with their own rules in their procedure upon the bill, intermediate its introduction and final passage. The presumption is conclusive that they have done so. We think no court has ever declared an act of the legislative void for non-compliance with the rules of procedure made by itself, or the respective branches thereof, and which it or they may change or suspend at will. If there are any such adjudications, we decline to follow them." (Emphasis added.) *Page 249 
In Sutherland, Statutory Construction, 3d Ed. Vol. 1, § 604, p. 126, it is said:
"The decisions are nearly unanimous in holding that an act cannot be declared invalid for failure of a house to observe its own rules. Courts will not inquire whether such rules have been observed in the passage of the act. Likewise, the legislature by statute or joint resolution cannotbind or restrict itself or its successors as as to the procedure to befollowed in the passage of legislation. * * * More generally applicable is the rule that the constitution having conferred this rule-making power on the legislature, excludes the court. The court without violating the separation of powers rule and the specific constitutional directions could not review the legislative act. The reason has been well stated by the Supreme Court of the United States in United States v. Ballin: `The constitution empowers each house to determine its rules of proceedings. It may not by its rules ignore constitutional restraints or violate fundamental rights, and there should be a reasonable relation between the mode or method of proceeding established by the rule and the result which is sought to be attained. But within these limitations all matters of method are open to the determination of the house, and it is no impeachment of the rule to say that some other way could be better, more accurate or even more just. It is no objection to the validity of a rule that a different one has been prescribed and in force for a length of time. The power to make rules is not one which once exercised is exhausted. It is a continuous power, always subject to be exercised by the house, and, within the limitations suggested, absolute and beyond the challenge of any other body or tribunal.'" (Emphasis added.)
One of the cases cited by Sutherland as support for the statement that the legislature by statute cannot bind or restrict itself is State v. P.Lorillard Co. (1923), 181 Wis. 347, 193 N.W. 613.
In Lorillard, supra, at page 372, the court said:
"* * * There is no constitutional requirement involved. The committee referred to in the statute is a joint committee *Page 250 
composed of members of both houses. In the senate the bill was referred to that committee.
"It will be observed that sec. 13.06 does not state that the bill shall be referred to the finance committee by each house before final passage. The language is that it `shall be referred to the committee on finance before being passed or allowed.'
`It may be that it would be desirable, as argued by defendants' counsel, that each house should refer bills for the appropriation of money to the finance committee before it takes final action, but as we construe the statute it does not make any such requirement. This is aquestion of policy for legislative, not judicial, determination." (Emphasis added.)
The same language from Lorillard was quoted by the court in State exrel. General Motors Corp. v. Oak Creek, supra, at page 324. However, inGeneral Motors, the court went on to say (page 324):
"Thus the court was able to avoid the question presented here since that bill had been submitted by at least one house."
The court then goes on to construe sec. 13.10, Stats., (formerly 13.06) as a mandatory, not a directory statute and in effect praises the statute as having an essential purpose of requiring additional consideration by the legislature in the exercise of its important taxing power and thus avoiding "improper" taxation. General Motors, supra, page 325.
The statute under consideration in General Motors was invalid, according to the court, because the legislature's failure to follow Art.VIII, sec. 8, Wis. Const., alone was a defect sufficient to render it a nullity. (Page 322.) The troublesome language in General Motors appears at page 329, where it is suggested that an alternative ground for nullifying the statute was the legislature's failure to comply withstatutory as well as constitutional mandates dealing with enactment of taxation statutes. In light of all of the circumstances, including the well established principles set forth above, as well as the presumption of constitutionality, I conclude that until *Page 251 
the issue is squarely presented and argued to the court, this language should be regarded as obiter doctum.
Therefore, it is my opinion that any law resulting from Assembly Bill 210 would probably be held constitutional and not invalidated by reason of any of the procedures described in Senate Resolution 12. Nothing appears on the face of the bill or in the resolution which suggests a fiscal or taxation impact. As I have indicated, the court has consistently taken a narrow view of what constitutes a fiscal law. If it should later appear that Assembly Bill 210 does have significant fiscal implications, then special attention should be given to compliance with Art. VIII, sec. 8, Wis. Const.
RWW:JEA