STATE EX REL. KUSZEWSKI, Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS and others, Respondents.

*November 25—December 20, 1963.*

For the appellant there were briefs by *Bernard V. Brady, T. L. Tolan, Jr., Thomas J. Donnelly,* and *Samuel J. Recht,* attorneys, and *Brady, Tyrrell & Bruce* of counsel, all of Milwaukee, and oral argument by *Mr. Recht.*

For the respondents there was a brief by *John J. Fleming,* city attorney of Milwaukee, and *George A. Bowman, Jr.,* assistant city attorney, and oral argument by *Mr. Bowman.*

BROWN, C. J.    The issues presented on appeal are:

(1) Whether Howard O. Johnson, the chief of police of the city of the first class, had the power to suspend Kuszewski indefinitely pending trial on criminal charges, solely on the ground that a criminal complaint was filed against him.

(2) Whether during this period of suspension Kuszewski is entitled to compensation.

### (1) *Validity of Suspension.*

The city of Milwaukee is a city of the first class and is excepted from the laws of ch. 62, Stats., regulating cities of the second, third, and fourth classes. Sec. 62.03, Stats.; *State ex rel. Curtis v. Steinkellner* (1945), 247 Wis. 1, 5, 18 N. W. (2d) 355. The express provisions relating to the powers of the chief of police of the city of Milwaukee and the Board of Fire and Police Commissioners are found in the Milwaukee city charter, ch. 29, and will be referred to as the "act." The act was originally passed by the legislature in 1911 and, since then, it has undergone certain revisions and alterations. Ch. 586, Laws of 1911; ch. 475, Laws of 1919; ch. 84, Laws of 1923; ch. 458, Laws of 1951. The act was withdrawn from the statutes in 1921 although it continued to remain in force and effect. Ch. 242, sec. 312, Laws of 1921.

The provisions of the act brought into question by this appeal are secs. 11 through 18, and sec. 23. They provide, in material part, and as summarized, as follows:

"11. DISCHARGES AND SUSPENSIONS BY CHIEFS. No member of the police force or fire department shall be discharged or suspended for a term exceeding fifteen days by the chief of either of said departments except for cause and after trial as herein provided.

"12. COMPLAINTS TO CHIEFS. Whenever complaint against any member of the force of either department is made to the chief thereof he shall immediately communicate the same to the board of fire and police commissioners, and a trial shall be ordered by the said board of fire and police commissioners as herein provided.

"13. CHIEFS DISCHARGING AND SUSPENDING OVER FIFTEEN DAYS. The chief discharging, or suspending for a period exceeding fifteen days any member of his force shall immediately report the same to the secretary of the board of fire and police commissioners together with a complaint setting forth the reasons for such discharge or suspension and the name of the complainant if other than the chief. Within ten days after such discharge or suspension the members so discharged or suspended may appeal from such order of discharge or suspension to the said board of fire and police commissioners, by filing with said board a notice of appeal in the following or similar form: . . ."

Secs. 14 through 16 provide for the issuing of the complaint by the board, the matter of service and the procedures at the hearing before the board. Sec. 17 contains the authority of the board to discipline a member of the police force or to reinstate him if the charges are not sustained:

"17. DECISION OF BOARD. Within three days after hearing the matter the board shall, by a majority vote of its members, determine whether by a preponderance of the evidence the charges are sustained. If the board shall determine that the charges are sustained they shall at once determine whether the good of the service requires that the accused shall be permanently discharged or shall be suspended with-

out pay for a period not exceeding sixty days or reduced in rank. If the charges shall not be sustained the accused shall be immediately reinstated in his former position, without prejudice. The decision and findings of the board shall be in writing and shall be filed, together with a transcript of the evidence, with the secretary of the board."

The express power of the chief of police is provided in sec. 23:

"23. DUTIES OF CHIEFS. The chief engineer of the fire department and the chief of police of said cities shall be the head of their respective departments and shall have power to regulate said departments and prescribe rules for the government of its members. The chief of police shall cause the public peace to be preserved and see that all laws and ordinances of the city are enforced. He shall be responsible for the efficiency and general good conduct of the department under his control. Each of said chiefs shall have the custody and control of all public property pertaining to said departments and everything connected therewith and belonging thereto. They shall have the custody and control of all books, records, machines, tools, implements, and apparatus of every kind whatsoever necessary for use in each of said departments."

The object, purpose, or leading idea of the act is to secure permanent tenure of position by the members and officers of the department. *McCarthy v. Steinkellner* (1937), 223 Wis. 605, 614, 270 N. W. 551, 271 N. W. 374. Authority to perform the duties of appointed office, rank, compensation, and other benefits of the office are fixed by the act as rights. They cannot be extinguished or diminished except by complying with the orderly process expressly provided, and then only for cause.

The members of the force no longer take their offices subject to being summarily dismissed, demoted, or suspended by the chief. The act is designed to abolish those measures. In that regard, the powers of the chief are limited, but he

does retain all of the powers not circumscribed. *State ex rel. Curtis v. Steinkellner, supra,* at page 7. The retained powers of the chief are those which do not defeat the purpose or object of the act. *McCarthy v. Steinkellner, supra,* at page 615.

The act does not specifically provide for the suspension for an indefinite period of a member of the department charged by a criminal complaint. However, by sec. 23 of the act the chief has the duty to:

". . . cause the public peace to be preserved and see that all laws and ordinances of the city are enforced. He shall be responsible for the efficiency and general good conduct of the department under his control."

By this section, then, the chief has broad powers in order to preserve the public peace, enforce the laws and ordinances, and supervise the members of the department.

Public trust in the integrity of the police force is essential in preserving the public peace and for the enforcement of laws and ordinances. Confidence in the honesty of fellow members of the department is also necessary for effective supervision and internal discipline. The trust and confidence is shaken by casting even the slightest suspicion against the honor of any member of the force. If the state authorities charge an officer with committing crimes, the trust and confidence in him is greatly lessened. But if the officer charged is allowed to retain the full powers of his office pending criminal trial, the trust and confidence in the entire department is seriously undermined. The public welfare would be gravely jeopardized during this interim because the officer charged might have access to information vital to the investigation or the prosecution of his case, or to that of others. Or he might exercise these powers contrary to the public interest in order to gain personal advantages. The public trust in the department is preserved if the officer charged with committing crimes is indefinitely suspended, pending

the criminal trial, by relieving him of his duties, although he remains a member of the department. *Cugell v. Monaghan* (1951), 201 Misc. 607, 107 N. Y. Supp. (2d) 117. Because the preservation of the trust and confidence of the department is essential to the maintenance of public peace, enforcement of the laws and ordinances, as well as the supervision of the force, the chief is given broad powers by sec. 23 in order to carry out this purpose.

The chief cannot proceed under secs. 11, 13, and 17 of the act to impose an indefinite suspension pending trial if an officer is criminally charged because these sections do not give him the power to do so. They only permit a fifteen-day period of suspension, and suspension in excess of that period must be for cause. It is evident that the suspension periods provided under these sections are for disciplinary purposes. They do not contemplate the indefinite suspension of an officer for the protection of the public interest.

The chief might also determine that it would be in the best interests of the department not to bring departmental charges until the determination of the criminal case. Or as the facts in this case show, the chief may not be able to bring departmental charges until after the criminal trial because the evidence to substantiate the departmental charges are under the exclusive control of state authorities and are unavailable to him.

The insufficiency of secs. 11, 13, and 17 of the act to permit Chief Johnson to suspend Kuszewski indefinitely in this case does not limit the chief's broad powers attendant to the duties prescribed to him under sec. 23. By this section he must preserve the public peace, enforce the laws and ordinances, and supervise the department. In order to carry out the purposes of that section, Chief Johnson had the power of indefinite suspension pending Kuszewski's trial on the criminal charges, on the ground that a criminal complaint was filed against him.

### (2) *Compensation During Suspension.*

The order of Chief Johnson suspending Kuszewski indefinitely also prevents him from receiving any salary or other monetary benefits. This portion of the order was also sustained by the board and affirmed by the judgment of the circuit court. Kuszewski claims that he is entitled to compensation for the duration of this suspension, regardless of the outcome of the criminal trial and should receive compensation until he is suspended pursuant to secs. 11, 13, and 17 of the act.

As previously noted, the act secures to Kuszewski certain rights among which are his salary and other benefits which the chief or the commission cannot take away from him except through the orderly procedures provided for by the act. The purpose of the tenure provision was to secure permanency of position.

In New York the law relative to the question presented here was settled prior to the turn of the century. In *Emmitt v. Mayor* (1891), 128 N. Y. 117, 28 N. E. 19, the court of appeals held that an employee under a New York act, whose compensation was fixed by the commission, was entitled to receive his pay because the act did not expressly provide for the withholding during his suspension. This case recognized the principle that (p. 122):

"It is only when the salary of an official is fixed by the law that it is beyond the power of those by whom he has been employed to agree upon some other figure, or to affect it in any way."

In the present case, the act does secure Kuszewski his pay as a matter of right, and it can be withheld for more than fifteen days only for cause. The filing of a criminal complaint is a valid reason to indefinitely suspend appellant in order to preserve the public peace in maintaining the trust and confidence in the department, but it is not cause to de-

prive him of his salary. Withholding compensation from Kuszewski does not add to the confidence of the public in the department. This principle was recognized in the leading case of *Gregory v. Mayor* (1889), 113 N. Y. 416, 21 N. E. 119. Deprivation of pay during an indefinite period of suspension would also (p. 421):

". . . confuse, instead of perfecting, the service. The effect upon the suspended man would also be demoralizing, causing him to expend his time in efforts to get reinstated, rather than in endeavors to procure a livelihood in other ways, which would be the result of a removal."

Such a measure would impose a harsh burden upon appellant because it would prevent him from his means of livelihood and source of income merely because the department could not grant an expeditious hearing. See *Cugell v. Monaghan, supra,* at page 125. The court in the *Cugell Case* recognized the burden suffered by an indefinitely suspended officer awaiting a criminal trial but it could not grant compensation because there was an express provision authorizing indefinite suspension without pay. The elimination of these oppressive effects by granting pay does not defeat the purpose of the act to protect the continuance of officers and other members of the department.

Respondents contend that Kuszewski should not receive any pay until after the departmental hearing, and if he is reinstated all back pay and other benefits will be restored to him. For their authority, they cite sec. 18 of the act:

"18. SALARY PENDING TRIALS. No chief officer or member of either department shall be deprived of any salary or wages for the period of time he may be suspended preceding an investigation or trial, unless such charge is sustained."

This section does not relate to the indefinite suspension of an officer pending a criminal trial for the reason criminal

charges were brought against him. It applies only to the specific period suspension of the officer pending the departmental hearing which is a separate proceeding.

Respondents also rely on *De Marco v. Board of Chosen Freeholders* (1956), 21 N. J. 136, 121 Atl. (2d) 396, and other New Jersey cases, for the proposition that compensation should not be paid during suspension although an act was to give him tenure. The New Jersey act is substantially different from the Wisconsin act; the latter does secure the salary of the position as a right which can be withdrawn only by complying with the procedures of the act.

In summary, Chief Johnson had the power to suspend Kuszewski indefinitely pending the criminal trial in order to preserve the public trust in the honesty of the department. However, Kuszewski cannot be deprived of his compensation during this period because the act fixes this compensation to him as a right which can be taken away only through secs. 11 through 18 of the act.

*By the Court.*—The judgment affirming the order of the board is modified so as to set aside the denial of compensation and other benefits during the period of suspension, and modified by striking out the award of respondents' disbursements. As so modified the judgment is affirmed. No party shall tax costs in this court.