ANTHONY S. EARL, Governor
You request my opinion whether a charter ordinance enacted by the common council of the City of Milwaukee adopting section62.09(13)(a), Stats., pursuant to section 62.03(2) would be legally enforceable in light of section 62.50(23), as amended by1983 Wisconsin Act 179 which, as to subsection (23), became effective March 28, 1984.
It is my opinion that it would.
Section 62.09(13)(a), a part of the general charter law, provides in part: "The chief of police shall have command of the police force of the city under the direction of the mayor. It is the duty of the chief to obey all lawful written orders of the mayor or common council."
The City of Milwaukee Police Department is currently governed by section 62.50 which is specifically applicable to police departments of all cities of the first class "however incorporated." Subsection (23), as amended, provides:
 DUTIES OF CHIEF. The chief engineer of the fire department and the chief of police of a 1st class city, shall be the head of their respective departments. The chief of police shall preserve the public peace and enforce all laws and ordinances of the city. The chiefs shall be responsible for the efficiency and general good conduct of the department under their control. The board may review *Page 65 
the efficiency and general good conduct of the departments. A chief shall act as an advisor to the board when the board reviews his or her department. The board may issue written directives to a chief based on a review of the chief's department. The chief receiving a directive shall implement the directive unless the directive is overruled in writing by the mayor. Each of the chiefs shall maintain and have custody of all property of their respective departments, including but not limited to, all books, and records, which shall be available and subject to inspection by the board.
 See Breier v. Balen, 114 Wis.2d 237, 338 N.W.2d 304 (1983), and 71 Op. Att'y Gen. 60 (1982) for a discussion of the powers of the Police and Fire Commission under former section 62.50(23) with respect to rulemaking and its limited control over the chief of police. Former section 62.50(23), describing the duties of the chief of police, was added to the statutes by chapter 151, Laws of 1977. Section 10 of chapter 151 states that the new section62.50 was a renumbered version of the old section 959-46d. Section 959-46d., enacted in 1911, constitutes a portion of the Milwaukee City Charter, which was incorporated into the statutes prior to 1921. See State ex rel. Kuszewski v. Board of F. P.Comm., 22 Wis.2d 19, 22, 125 N.W.2d 334 (1963). The Legislative Reference Bureau comments to 1977 Senate Bill 261 state that the 1977 legislation was aimed at returning the Milwaukee City Charter to the printed statutes, at least those portions of the charter relating to police and fire departments in first class cities.
1983 Wisconsin Act 179 also amended section 62.50(1m) relating to policy review and amended and recreated section 62.50(3), a portion of which does not become effective until ninety days after March 28, 1984. It is concerned with rulemaking powers. The effect of these revisions is to remove the police chief's authority to independently prescribe rules for the government of the members of the department and to reassign that rulemaking authority to the board. Under section 62.50(3), the board is also authorized to delegate rulemaking authority to the chief, and may subsequently review, modify or suspend any rule prescribed by the chief. It is important that the authority for rulemaking has been shifted from the chief to the board, since this means that the board now oversees the general operation of the police department. Section 62.50(23) also provides that the board may review the overall efficiency of the department, *Page 66 
and may issue directives to the chief based on their review. The chief must act as an advisor to the board during the review, and is obligated to implement the directives unless they are overruled in writing by the mayor. This procedure is in addition to the annual review previously required by the law. As amended, section 62.50(1m) empowers the board to prescribe general policies and standards for the police and fire departments. It also allows the board to inspect any property of the departments required for a review. This is in contrast to the former provisions of old section 62.50(23) which placed custody and control over all departmental property with the police chief and did not provide for board inspection of books, records or other property.
Section 62.09(13)(a), the other statutory section in question, has been in the statutes since 1889. Up until 1921, it applied to all classes of cities. After 1921, first class cities such as Milwaukee could choose whether or not they wished to be governed by section 62.09(13)(a). Though the language of the section has changed somewhat and the section has been renumbered, the idea that the chief of police has "command of the police force" but serves "under the direction of the mayor" has survived to the present.
Thus, there has already been a period (from 1911 to 1921) when the principles of both sections 62.09(13)(a) and 62.50(23) have coexisted in the statutes. Even after 1921 when the predecessor to section 62.50(23) was dropped from the printed statutes, the section remained in force.
In my opinion, the Milwaukee Common Council could, by reason of Wisconsin Constitution article XI, section 3, and section62.03(2), act by charter ordinance to adopt section 62.09(13)(a). Section 62.03(2) provides that a city of the first class "may adopt by ordinance this subchapter or any section or sections thereof, which when so adopted shall apply to such city." InState ex rel. Cortez v. Bd. of F. . P. Comm., 49 Wis.2d 130,181 N.W.2d 378 (1970), it was held that the Milwaukee Common Council could act pursuant to section 62.03(2) to adopt section62.13(5)(b), which was less than a section, by charter ordinance.
Section 62.50 was created subsequent to the enactment of section 62.03. In enacting and amending the former, the Legislature is presumed to have been aware of the provisions in section 62.03(2). It did *Page 67 
not see fit to except any of the provisions of section 62.50 from its scope. In my opinion the provisions of sections 62.09(13)(a) and 62.50(23), as amended, are not necessarily in conflict with each other. They can be construed in harmony. In fact, section62.09(13)(a) (general charter law) appears quite consistent with provisions of the Charter Ordinances of the City of Milwaukee presently in effect, particularly sections 3.01, 22.05 and 22.12, Milwaukee City Charter (1977). Section 3.01 provides in part: "The mayor shall be the chief executive officer, and the head of the fire department and of the police of the city . . . ." Section 22.05 provides: "The mayor or common council may direct the chief of police to detail any of the policemen to perform such official duties as he or they deem proper . . . ." Section 22.12 provides: "[T]he chief of police of said cities, shall be the head of their respective departments and shall have power to regulate said departments and prescribe rules for the government of its members." In my opinion the power of the chief to prescribe rules for department members is now limited by section62.50(3) as recreated by 1983 Wisconsin Act 179 and that such power resides primarily in the board. Any provision in section 22.12 of the Milwaukee City Charter must yield to provisions in section 62.50(3).
If a charter ordinance were enacted, the chief of police would continue to be the day-to-day working head of the police department. The mayor, as chief executive officer, would have broad administrative power over the chief of police and police department. That is the "traditional" or "historical" division of responsibilities between the chief of police and mayor of the City of Milwaukee even after the advent of the fire and police commission. See State ex rel. Davern v. Rose, 140 Wis. 360, 366,122 N.W. 751, 753 (1909).
This conclusion is also supported by section 62.09(8)(a) and (d) which further shows that the Legislature intended to distinguish between the authority, duties and powers of the mayor as "chief executive officer" and the police chief as "head" of the police department. If a charter ordinance were adopted, the chief's command of the police force would be "under the direction of the mayor" and it would be such officer's duty to "obey all lawful written orders of the mayor or common council." Sec.62.09(13)(a), Stats. Note that section 62.50(23) requires the chief of police to "enforce all laws and *Page 68 
ordinances of the city." That would include a charter ordinance adopting section 62.09(13)(a).
BCL:RJV